## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Elizabeth McRobie, *on behalf of herself and all others similarly situated,*<br><br>　　　　　　Plaintiff,<br>v.<br>Credit Protection Association,<br>　　　　　　Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Class Action Complaint, the Plaintiff, Elizabeth McRobie, by and through her undersigned counsel, pleading on her own behalf and on behalf of others similarly situated, states as follows:

### INTRODUCTION

1. Plaintiff, Elizabeth McRobie ("Plaintiff"), brings this class action for damages arising from the unlawful, predatory debt collection practices engaged in by Defendant Credit Protection Association ("Defendant" or "CPA").

2. The Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692f(7) makes "Communicating with a consumer regarding a debt by post card" an "unfair or unconscionable means to collect or attempt to collect any debt."

3. Nevertheless, CPA sent Plaintiff, and thousands of other individuals, postcards in an attempt to collect consumer debts in flagrant violation of the FDCPA.

4. The postcards stated "COLLECTION ALERT!" and prominently displayed that the postcards came from "Credit Protection Association" and that "This is an attempt to collect a debt by a collection agency and any information obtained will be used for that purpose."

5. In addition, the postcards included the consumer's name, the identity of the original creditor, the balance allegedly owed and a reference number.

6. As a consumer who received one of CPA's illegal postcards, Plaintiff sues CPA for its FDCPA violations individually and on behalf of all others similarly situated.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 751-53 (2012).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Plaintiff resides in this District and because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Lititz, Pennsylvania

10. Defendant CPA is a Texas corporation headquartered at 13355 Noel Road, 21st Floor, Dallas, Texas 75240.

## ALLEGATIONS APPLICABLE TO PLAINTIFF

11. Plaintiff incurred an alleged debt (the "Debt") to MetroCast Communications (the "Original Creditor").

12. The Debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

13. Thereafter, the Original Creditor sold the Debt to CPA or otherwise enlisted CPA to collect the Debt on its behalf.

14. On January 25, 2018, CPA sent Plaintiff a postcard in an attempt to collect the Debt (the "Postcard").

15. The front of the Postcard displayed the following:

2



16. The back of the Postcard displayed the following:



17. Upon opening her mail and seeing the Postcard, Plaintiff was extremely embarrassed and concerned that her personal and financial information was displayed for the public to see.

## CLASS ACTION ALLEGATIONS

### A. The Class

18. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

19. Plaintiff represents, and is a member of the following class (the "Class"):

**All natural persons to whom CPA mailed a postcard, substantially similar to the Postcard sent to Plaintiff, in an attempt to collect a debt, where the postcard was not returned as undeliverable.**

20. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

21. Upon information and belief, Defendant sent postcards substantially similar to the Postcard it sent Plaintiff, to thousands of consumers across the country. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

23. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

a. Whether Defendant's practice of transmitting communications to consumers in the form of the Postcard violates the FDCPA;

b. Whether Defendant is liable for damages, and the amount of such damages; and

c. Whether Defendant should be enjoined from such conduct in the future.

24. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant's transmission of the Postcard to Plaintiff and numerous other consumers violated the FDCPA, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

25. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. Protecting the Interests of the Class Members**

26. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**F. Proceeding Via Class Action is Superior and Advisable**

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

28. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

29. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

30. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

31. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

32. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692f(7)

33. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

34. The FDCPA, 15 U.S.C. § 1692f(7) provides that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . (7) Communicating with a consumer regarding a debt by post card."

35. Defendant sent Plaintiff, and numerous other individuals across the country, postcards regarding a debt.

36. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;
2. Awarding reasonable attorney's fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692k(a)(3); and
3. Such other and further relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 6, 2018

Respectfully submitted,

By _____

Sergei Lemberg
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff