UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH MCROBIE, | : |
| Plaintiff, | : |
| v. | : No. 5:18-cv-00566 |
| CREDIT PROTECTION ASSOCIATION, | : |
| Defendant. | : |

# **O P I N I O N**

**Plaintiff's Motion to File a First Amended Complaint, ECF No. 22—Granted in part**

**Joseph F. Leeson, Jr.**                                                                             **October 29, 2018**
**United States District Judge**

## I.     INTRODUCTION

In this proposed class action, Plaintiff Elizabeth McRobie alleges that Defendant Credit Protection Association sent her and similarly situated people a mailer that violated the Fair Debt Collection Practices Act (FDCPA) in numerous ways. On August 29, 2018, Plaintiff filed a Motion to File a First Amended Complaint together with a proposed Amended Complaint. The proposed Amended Complaint adds additional factual allegations learned during discovery and includes two new counts not present in the original Complaint that allege violations of two additional provisions of the FDCPA. Additionally, the proposed Amended Complaint contains a narrowed class definition which restricts the class membership to residents of Pennsylvania, New Jersey, or Delaware. For the reasons discussed below, Plaintiff's motion is granted in part.

## II. LEGAL STANDARD—LEAVE TO AMEND

Federal Rule of Civil Procedure 15 governs amendment of pleading. Under Rule 15(a), a court should grant a party's motion for leave to amend "where justice so requires." Fed. R. Civ. P. 15(a). In determining if justice requires that the court allow the amendment, the court may consider "undue delay, bad faith, prejudice to the opposing party, and futility." *Blake v. JPMorgan Chase Bank, N.A.*, 259 F. Supp. 3d 249, 253 (E.D. Pa. 2017) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Delay can be classified as undue when it "places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Id.* (citing *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008)). The court must focus on the movant's reasons for not amending sooner. *Id.* (citing *Cureton v. Nat'l Collegiate Athl. Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)).

An "[a]mendment is futile if a proposed amended complaint is 'frivolous or advances a claim or defense that is legally insufficient on its face.'" *Harris v. Steadman*, 160 F. Supp. 3d 814, 817 (E.D. Pa. 2016) (citing *Thomas v. SmithKline Beecham Corp.*, No. 00–2948, 2002 WL 32351172, at *3 (E.D. Pa. Sept. 5, 2002)). The court must determine if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (citing *Anderson v. City of Phila.*, 65 Fed. App'x 800, 801 (3d Cir. 2003)). Similar to ruling on a motion to dismiss, the court must "consider only those facts alleged in the proposed amended complaint, accepting the allegations as true and drawing all logical inferences in favor of the plaintiff." *Id.* (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994)).

**III. ANALYSIS**

   **A. Undue Delay/Bad Faith**

"The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). *See also Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001) (stating that delay alone does not justify denying leave to amend).

Defendant argues that Plaintiff's proposed amendment is unduly delayed because Plaintiff moves to add claims that she could have brought at the beginning of this litigation. However, Plaintiff has sought leave to amend her complaint within the window this Court set to allow amendment of pleadings. *See* Rule 16 Scheduling Order, ECF No. 10. Thus, her motion for leave to amend is not unduly delayed. *See Ezaki Glico Kabushiki Kaisha v. Lotte Int'l Am. Corp.*, No. CV155477MCALDW, 2017 WL 4404567, at *2 (D.N.J. Oct. 4, 2017) (finding amendment not unduly delayed where plaintiff sought leave to amend within time period set by court); *Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.*, 259 F.R.D. 95, 100 (D.N.J. 2009) (rejecting defendant's argument that delay was undue because plaintiff knew of claims it sought to bring in amended complaint at outset of litigation, where plaintiff made motion within time allotted by court's scheduling order and delay did not prejudice nonmovant).

Nor has Defendant shown any evidence of bad faith or improper motive on Plaintiff's part. Although Defendant argues that Plaintiff knew of all the facts underlying her proposed amended claims at the outset of the litigation, Plaintiff explains that her new claims only became viable after certain details became clear during discovery. Specifically, Plaintiff states that she

confirmed during discovery that the numerical code displayed on the mailer corresponded to the creditor on whose behalf Defendant sent the particular mailer and that Defendant did not send the mailer on behalf of any government entity. Pl.'s Reply 2-3, ECF No. 28. This explanation is at least plausible, and previous courts have accepted similar explanations for delayed requests for leave to amend. *See Ezaki*, 2017 WL 4404567, at *2 (granting motion for leave to amend to add defendant where plaintiff only realized that it could not obtain full relief against original defendant after receiving discovery responses); *Ndubizu v. Drexel Univ.*, No. CIV.A. 07-3068, 2009 WL 3459182, at *3 (E.D. Pa. Oct. 26, 2009) (granting leave to amend where plaintiff discovered the information forming the basis of his amended complaint during discovery). This Court can discern no improper motive on Plaintiff's part that would justify denying leave to amend.

### B. Prejudice to Defendant

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (quotations omitted). When evaluating prejudice, the Third Circuit considers whether amendment would impair the non-moving party's "ability to present its case." *Dente v. Saxon Mortg.*, Civ. A. No. 11–6933 (AET), 2012 WL 1664127, at *2 (D.N.J. May 11, 2012) (citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the V.I., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981)). Specifically, courts consider whether the amendment would force the opponent to expend significant additional resources to conduct discovery and prepare for trial, as well as whether it would significantly delay resolution of the action. *See, e.g., Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Defendant offers no argument as to how amended pleadings would impair its ability to present

its case, nor can this Court discern any way that amendment would prejudice Defendant. This factor favors granting leave to amend.

### C. Futility

Defendant argues that amendment is futile because the two newly added counts in Plaintiff's proposed Amended Complaint fail to state claims under the FDCPA. Plaintiff's proposed Amended Complaint includes two new claims, both arising under the FDCPA. To state an FDCPA claim, a plaintiff must allege that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the FDCPA defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015) (citing *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). Defendant argues that Plaintiff has not alleged sufficiently that Defendant violated the FDCPA and therefore has not satisfied the fourth element. Plaintiff responds that she has stated claims for violations of two separate provisions of the FDCPA, 15 U.S.C. § 1692e(9) and § 1692f(8). This Court analyzes each claim in turn.

**1. Amendment is futile with respect to Count III of Plaintiff's proposed Amended Complaint because she has not stated a claim under § 1692e(9).**

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means" in connection with the collection of a debt and lists specific examples of prohibited conduct. 15 U.S.C. § 1692e. Among these examples is "[t]he use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval." 15 U.S.C.

§ 1692e(9). In Count III of her proposed Amended Complaint, Plaintiff claims that Defendant violated this section by sending Plaintiff a mailer with "OFFICIAL NOTICE" written on the front exterior in red, white, and blue font, together with the phrase "IMPORTANT INFORMATION ENCLOSED." Proposed Am. Compl. ¶¶ 53, ECF No. 22-2. Plaintiff contends that this language and font "simulates and/or falsely represents" that the mailers were "authorized, issued, or approved by a court, official, or agency of the United States or a State." *Id.* ¶ 54.

The Third Circuit Court of Appeals applies the "least sophisticated debtor" standard to claims under § 1692e. *Jensen*, 791 F.3d at 420. Under this standard, a communication violates the FDCPA if it would deceive or mislead the least sophisticated debtor. *Id.* Although the standard protects naïve consumers, courts do not find liability based on "bizarre or idiosyncratic" interpretations of collection notices and presume a "basic level of understanding and willingness to read with care." *Brown v. Card Service Center*, 464 F.3d 450, 453 (3d Cir. 2006).

Case law interpreting § 1692e(9) is sparse. The parties cite no Third Circuit precedent interpreting the provision; nor has this Court found any. However, the Supreme Court has recognized that Congress passed § 1692e(9) to prevent debt collectors from "misrepresenting" that they are government officials. *See Sheriff v. Gillie*, 136 S. Ct. 1594, 1601 (2016) (citing S. Rep. No. 95–382, p. 8 (1977)). Indeed, most courts that have applied § 1692e(9) have limited its reach to "egregious" situations where a debt collector "overtly impersonates a government agency or where it attempts to hide its identity by using a false alias." *Sullivan v. Credit Control Servs., Inc.*, 745 F. Supp. 2d 2, 10 (D. Mass. 2010); *Buckalew v. Suttel & Hammer, P.S.*, No. CV–10–3002–LRS, 2010 WL 3944477, at *2 (E.D. Wash. Oct. 7, 2010) ("The general consensus in the case law is that violations of Section § 1692e(9) arise in situations where a debt

collector overtly impersonates a governmental agency, or where a debt collector attempts to hide its identity by using a false alias.").

For example, in *Gradisher v. Check Enforcement Unit, Inc.*, a debt collection agency sent collection notices using letterhead and envelopes from a sheriff's office but did not list the agency's own name on the notices. 210 F. Supp. 2d 907, 914 (W.D. Mich. Apr. 5, 2002). The court held that the agency had violated § 1692e(9) because the notices created the false impression that they had been sent by the sheriff's office and not the collection agency. *Id.* Similarly, in *Wiener v. Bloomfield*, the defendant mailed to plaintiff papers captioned "Summons" and "Summons and Complaint" that adhered to the customary form of documents filed in New York state courts. 901 F. Supp. 771, 776 (S.D.N.Y. 1995). The court found that the defendant had violated § 1692e(9) because the least sophisticated consumer would likely conclude that the documents were authorized or approved by a court. *Id.*

By contrast, the mailer Plaintiff received does not look like a government document. Although it bears the designation "Official Notice" and uses red, white, and blue font, the mailer contains no features that suggest it was sent by a government agency or that resemble official court documents. Nor does it suggest in any way that Defendant sent it on behalf of a specific government entity. Moreover, the mailer bears Defendant's logo, a return address listing the return addressee as "Credit Protection Association, LP," and a logo stating that Defendant is a member of the International Association of Credit and Collections Professionals. Proposed Am. Compl. ¶ 19. Despite the mailer's patriotic color scheme, even the least sophisticated consumer would recognize it as coming from a collections agency and not the government. *See Kuehn v. Cadle Co.*, No. 504CV432OC10GRJ, 2007 WL 1064306, at *4–5 (M.D. Fla. Apr. 6, 2007) (holding that letter did not violate § 1692e(9) where it listed no government entity, was sent on

collection agency's letterhead, and displayed the agency's return address), *aff'd*, 335 F. App'x 827 (11th Cir. 2009); *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 876–77 (S.D. Tex. 2011) (granting motion to dismiss § 1692e(9) claim where letter printed on collection agency's letterhead clearly identified sender as "Texas Final Judgments, LLC"); *Sullivan*, 745 F. Supp. 2d at 10–11 (rejecting claim based on notice that was printed on collection agency's letterhead and did not reference any government agency). Accordingly, Plaintiff's proposed Amended Complaint fails to state a claim under § 1692e(9). Amendment is futile and will be denied with respect to Count III of Plaintiff's proposed Amended Complaint.

    **2. Amendment is not futile with respect to Count II of Plaintiff's proposed Amended Complaint because Plaintiff has stated a claim under § 1692f(8).**

Plaintiff also seeks leave to add a claim under § 1692f(8), which prohibits "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram."[1] 15 U.S.C. § 1692f(8). Plaintiff's proposed Amended Complaint asserts that Defendant violated this section by including on the front of its mailer a numerical code that corresponds to the creditor on whose behalf Defendant sought to collect the debt. Proposed Am. Compl. ¶ 48.

Because the mailer Defendant used includes language or a symbol other than the debt collector's address, it clearly violates the plain language of § 1692f(8). Defendant tacitly admits this fact, but argues that this Court should adopt a "benign language" exception to § 1692f(8) and conclude that because the code is a random string of numbers that is only meaningful to Defendant, it cannot ground a claim. Previous courts have adopted a benign language exception

---

[1]     The statute contains an exception which allows a debt collector to use his business name on an envelope if the name does not indicate that he is in the debt collection business. 15 U.S.C. § 1692f(8).

that excepts certain innocuous language from § 1692f(8). For example, in *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488 (5th Cir. 2004), the debt collection agency had simply marked the envelope as a "priority letter." The Fifth Circuit Court of Appeals found that those words were benign language such that the envelope did not violate § 1692f(8). Similarly, in *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316 (8th Cir. 2004), the Eighth Circuit found no violation of § 1692f(8) where the following was printed on the envelope: "PERSONAL AND CONFIDENTIAL" and "IMMEDIATE REPLY REQUESTED."

The Third Circuit Court of Appeals explicitly avoided the question of whether to read a benign language exception into § 1692f(8) in *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (2014). In *Douglass*, the plaintiff sought damages under § 1692f(8) after the defendant sent a debt collection letter that displayed the plaintiff's account number through a glassine window in the envelope. *Id.* at 300. The defendant conceded that § 1692f(8) prohibited the disclosure of the plaintiff's account number, but argued that a literal interpretation of the statute would have absurd results. Similar to the Defendant here, the defendant in *Douglass* urged the Court of Appeals to follow the Fifth and Eighth Circuit Courts of Appeals and apply the "benign language" exception.

After reviewing the decisions in *Goswami* and *Strand*, the Third Circuit Court of Appeals in *Douglass* concluded that the debt collectors in those cases did not disclose "core information relating to the debt collection and susceptible to privacy intrusions." *Douglass*, 765 F.3d at 305. The plaintiff's account number, though, was not benign: it was "a piece of information capable of identifying Douglass as a debtor. Its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address." *Id.* at 305-06. The court found that the letter disclosing the plaintiff's account number violated § 1692f(8). Since the language was not benign,

the *Douglass* court expressly declined to decide whether a benign language exception exists. *Id.* at 306 n.9.

Defendant argues that the numerical code on the mailer in this case is benign. Defendant contends that the numeric code does not "disclose Plaintiff's financial predicament or invade her privacy," and emphasizes that a third party viewing the mailer would not understand the numeric code or conclude that the mailer was a debt collection letter. Opp. 7-8. The defendant in *Douglass* made a similar argument and emphasized that the account number was just a meaningless string of letters and numbers. 765 F.3d at 305. However, the court concluded that the account number was not meaningless, but instead had the potential to identify the recipient as a debtor. *Id.* at 305-06. Here, too, although the numeric code may be meaningless to a third party, it relates intimately to the recipient's status as a debtor by specifying the creditor to whom the recipient owes money. In short, this Court finds no meaningful distinction between the numerical code in this case and the account number in *Douglass*, and therefore the Third Circuit Court of Appeals' holding in *Douglass* binds this Court.

Nor does Defendant offer a persuasive reason to depart from *Douglass*. It is doubtful whether, even if the Third Circuit Court of Appeals did adopt a benign language exception, it would sweep broadly enough to include the text at issue here. Indeed, *Douglass* recognized that courts should not interpret § 1692f(8) to create absurd results. 765 F.3d at 306 n.9. The Supreme Court has long recognized the canon against absurdities as a necessary accommodation of the fact that laws operate in the real world, and has cautioned courts not to adopt statutory constructions that would "put a stop to the ordinary business of life." *Holy Trinity Church v. United States*, 143 U.S. 457, 460 (1892). "If a literal construction of the words of a statute be absurd, the act must be so construed as to avoid the absurdity. The court must restrain the

words." *Id.* However, courts should employ the canon only "where the result of applying the plain language would be, in a genuine sense, absurd, i.e., where it is quite impossible that Congress could have intended the result . . . and where the alleged absurdity is so clear as to be obvious to most anyone." *Public Citizen v. Department of Justice*, 491 U.S. 440, 470–471 (1989) (Kennedy, J., concurring in judgment). *See also Nixon v. Missouri Municipal League*, 541 U.S. 125, 141 (2004) (Scalia, J., concurring in judgment) (stating that "avoidance of unhappy consequences" is inadequate basis for interpreting a text).

In the situations the Fifth and Eighth Circuit Courts of Appeals encountered, applying § 1692f(8) strictly might indeed lead to absurd results: prohibiting benign designations such as "priority letter" or "personal and confidential" could make collecting debts by mail impossible. However, an interpretation of § 1692f(8) that prohibits a collection agency's internal client code is not absurd. Although the codes on the mailers may be useful for Defendant's processing of claims, they are not necessary to effectively collect debts through mailers. Judge Bartle adopted this limited concept of absurdity in *Palmer v. Credit Collection Servs., Inc.*, and refused to interpret § 1692f(8) to permit a visible bar code on a debt collection letter. 160 F. Supp. 3d 819, 822–23 (E.D. Pa. 2015). Judge Bartle recognized that although Congress could have drafted the statute to describe specific permissible language or symbols, it chose instead to "impose a blanket prohibition against any language or symbol" except for the return address and name of the debt collector, a bright-line rule that "provides certainty to debt collectors and avoids the problem of having to decide on a case by case basis what language or symbols intrude into the privacy of the debtor." *Id.* at 823. Judge Bartle recognized that "[w]hether it is sound public policy to allow a debtor to obtain damages from a debt collector in the present circumstances is not for the court to say. We must construe the law, not make it."

This Court, too, can only construe the law, and is bound by the language of the statue and the Third Circuit's decision in *Douglass*. Applying § 1692f(8) in this case does not yield an absurd result, so this Court will enforce the plain language of the statute, which prohibits Defendant from printing the numerical code. Plaintiff has stated a FDCPA claim under § 1692f(8), so amendment is not futile and will be permitted with respect to Count II of the proposed Amended Complaint.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Leave to File an Amended Complaint is granted in part. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Court