UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ELIZABETH MCROBIE,              :
                                :
           Plaintiff,           :
                                :
      v.                        :   No. 5:18-cv-00566
                                :
CREDIT PROTECTION ASSOCIATION,  :
                                :
           Defendant.           :
_____

# **O P I N I O N**

**Motion to Certify Class, ECF No. 23—Granted in Part**

**Joseph F. Leeson, Jr.**                                                                                    **April 2, 2019**
**United States District Judge**

## I.     BACKGROUND

In this proposed class action, Plaintiff Elizabeth McRobie alleges that Defendant Credit Protection Association sent her and similarly situated people a mailer that violated the Fair Debt Collection Practices Act (FDCPA) in numerous ways. On August 29, 2018, McRobie moved for leave to file an amended complaint, which added two additional FDCPA claims not present in her original complaint and narrowed the definition of the class of potential plaintiffs.[1] ECF No. 22. On September 4, 2018, McRobie moved to certify a class of plaintiffs based upon the narrowed definition in the proposed amended complaint.

On October 29, 2018, the Court granted in part McRobie's motion for leave to file an amended complaint. ECF Nos. 36-37. The Court concluded that amendment was futile with

---

[1]     McRobie's amended class definition limits membership to residents of Pennsylvania, New Jersey, and Delaware. Amend. Compl. ¶ 28, ECF No. 38.

respect to McRobie's newly-added Count III because that count did not state a viable claim under Section 1692e(9) of the FDCPA.[2] Leave to Amend Op. 5. However, the Court found that McRobie's newly-added claim in Count II did state a claim under Section 1692f(8) of the FDCPA and permitted amendment. Leave to Amend Op. 12.

Following the Court's partial grant of leave to amend, two claims remain before the Court. First, McRobie claims in Count I of her Amended Complaint that CPA violated Section 1692f(7) of the FDCPA by sending her and numerous other consumers across the country a postcard regarding a debt.[3] Second, McRobie claims in Count II of her Amended Complaint that CPA violated Section 1692f(8) by including on the front of each mailer a numerical code that corresponds to the creditor on whose behalf CPA sought to collect the particular debt.[4] The Court now addresses McRobie's motion to certify the class identified in her Amended Complaint with respect to these claims.

---

[2] Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means" in connection with the collection of a debt and lists specific examples of prohibited conduct. 15 U.S.C. § 1692e. These examples include "[t]he use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval." 15 U.S.C. § 1692e(9). The Court found that McRobie's Amended Complaint did not state a claim under this section because a consumer would not mistake the mailer for an official or government document. Leave to Amend Op. 7.

[3] Section 1692f(7) provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . (7) Communicating with a consumer regarding a debt by post card." 15 U.S.C. § 1692f(7).

[4] Section 1692f(8) prohibits "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram." 15 U.S.C. § 1692f(8).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23 governs class action lawsuits. A court may only grant certification of a class action "if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 are met." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 (3d Cir. 2008) (quoting *Gen. Tel. Co. of SW v. Falcon*, 457 U.S. 147, 161 (1982)), *as amended* (Jan. 16, 2009); *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 296 (3d Cir. 2011) (en banc). For certification under Rule 23, the proposed class must satisfy the prerequisites of Rule 23(a) and one of Rule 23(b)'s three subparts. *In re Hydrogen Peroxide*, 552 F.3d at 309–10. The party seeking class certification "bears the burden of establishing each element of Rule 23 by a preponderance of the evidence." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 591 (3d Cir. 2012).

## III. ANALYSIS
### A. Rule 23(a) Requirements

Federal Rule of Civil Procedure 23(a) requires that any proposed class satisfy its four elements, numerosity, commonality, typicality, and adequacy of representation:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). A court cannot certify a proposed class that does not satisfy any one of these four factors. *In re Hydrogen Peroxide*, 552 F.3d at 320 ("Class certification requires a finding that each of the requirements of Rule 23 has been met."). Under Rule 23(c)(4), a court may grant a motion to certify in part and certify a class with respect to

one of several causes of action in a suit, even where the others do not satisfy Rule 23. *Walney v. SWEPI LP*, No. CIV.A. 13-102, 2015 WL 5333541, at *29 (W.D. Pa. Sept. 14, 2015); *Kalow & Springut, LLP v. Commence Corp.*, No. CIV.A. 07-3442 FLW, 2011 WL 3625853, at *3 (D.N.J. Aug. 15, 2011).

Because the Court concludes that McRobie's Section 1692f(7) claim in Count I, based on the use of a postcard to collect a debt, is not typical of the proposed class, it denies certification with respect to that cause of action. However, it concludes that McRobie's Section 1692f(8) claim in Count II, based on the use of a numerical code on the exterior of the mailer, does satisfy the requirements of Rule 23(a). The Court addresses the typicality requirement first with respect to both claims, and then addresses the other factors as they relate to McRobie's FDCPA claim in Count II of her Amended Complaint.

### 1. Typicality

Fed. R. Civ. P. 23(a)(3) requires that "the claims or defenses of the representative part[y]" be "typical of the claims or defenses of the class." "[T]ypicality entails an inquiry whether 'the named plaintiff's individual circumstances are markedly different or . . . the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based.'" *Eisenberg v. Gagnon,* 766 F.2d 770, 786 (3d Cir. 1985) (quoting *Weiss v. York Hosp.,* 745 F.2d 786, 809 n.36 (3d Cir. 1984)). The Third Circuit has noted that "cases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims." *Baby Neal for and by Kanter v. Casey,* 43 F.3d 48, 58 (3d Cir. 1994).

However, even when plaintiffs challenge the same unlawful conduct, defenses that apply uniquely to the named plaintiff may defeat typicality. *Allen-Wright v. Allstate Ins. Co.*, No. 07-CV-4087, 2008 WL 5336701, at *3–5 (E.D. Pa. Dec. 17, 2008) ("Courts of appeals have held that unique defenses bear on both the typicality and adequacy of a class representative.") (citing *Beck v. Maximus, Inc.*, 457 F.3d 291, 297 (3d Cir. 2006)). A named plaintiff is not a proper class representative if an arguable defense unique to the named plaintiff or a small subclass will likely become a major focus of the litigation. *See Wall v. Sunoco, Inc.*, 211 F.R.D. 272, 278 (M.D. Pa. 2002) (collecting cases).

McRobie argues that her claims are typical of the proposed class because she received the same mailer as the rest of the class and the mailer disclosed the CPA creditor number on its exterior. Mot. 20. CPA responds that McRobie's claims are not typical of the proposed class because they result from a unique set of facts: CPA points to evidence that it uses double-sided postcard mailers[5] to protect recipients' personal information on the inside but that the mailer sent to McRobie fell apart in the mail, leaving her personal information exposed. Def.'s Opp. 13, ECF No. 32. CPA suggests that it will rely on a bona fide error affirmative defense under 15 U.S.C. § 1692k(c), which requires a defendant to prove that a FDCPA violation was unintentional and resulted from a bona fide error despite procedures adapted to prevent similar errors. *See* Answer, Affirmative Defense 1, ECF No. 41-1. In her reply, McRobie addresses CPA's defense as it impacts her Section 1692f(8) claim in Count II and insists that, even if the mailer she received did

---

[5] CPA admits that it refers to its mailer internally as a "self-sealed double-postcard" according to United States Postal Service standards, but denies that the mailers are "postcards" as prohibited by the FDCPA. Answer ¶ 24.

fall apart in the mail, CPA included the number identifying the creditor on every postcard sent to the potential class. Reply 8, ECF No. 33.

To prevail on her claim in Count I, McRobie must prove that the mailer she received qualifies as a "postcard" within the meaning of 15 U.S.C. § 1692f(7). The members of the proposed class who received the intact double-sided postcard mailers must prove that those mailers also qualify as "postcards" under the FDCPA. Given that McRobie's postcard claim results from what CPA characterizes as an isolated accident, her factual and legal positions likely differ from the other members of the proposed class. Additionally, McRobie's claim is uniquely susceptible to the bona fide error defense: CPA suggests that McRobie's personal information was exposed only because the double-sided postcard it sent her came apart in the mail, through no fault of CPA.[6] *See Beck v. Maximus, Inc.*, 457 F.3d 291, 299 (3d Cir. 2006) (recognizing that bona fide error defense in FDCPA claim could defeat typicality and adequacy requirements for class certification and remanding to district court to consider the issue). Because of the emphasis McRobie places on the exposure of her personal information and the embarrassment it caused her, whether her information was exposed because of a bona fide error likely will become a major focus of the litigation of her claim in Count I. McRobie's FDCPA in Count I is not typical of the proposed class, and this Court denies certification with respect to that claim.

With respect to her Section 1692f(8) claim in Count II, though, McRobie need prove only that she received a mailer that contained information on its exterior other than

---

[6] At this point, the Court makes no definitive ruling as to whether a bona fide error defense will ultimately succeed. It merely recognizes that the bona fide error defense CPA alludes to raises issues unique to McRobie's individual mailer.

the address of the sender. The parties do not dispute that all the mailers CPA sent included a creditor identification number on the exterior, regardless of whether they reached the recipients as intact double-sided postcards. *See* Answer ¶ 5 ("Defendant admits that it includes an internal numerical code on the exterior of its mailer . . . ."). Thus, the claims of McRobie and the members of the proposed class all involve the same features of the form mailers they received, and thus the same factual and legal issues. *See Nyby v. Convergent Outsourcing, Inc.*, No. CV 15-886 (ES) (MAH), 2017 WL 3315264, at *5 (D.N.J. Aug. 3, 2017) (finding typicality satisfied where named plaintiff alleged claims based on same letter as potential class members); *Jordan v. Commonwealth Fin. Sys., Inc.*, 237 F.R.D. 132, 138–39 (E.D. Pa. 2006) (finding typicality requirement for class certification satisfied in suit alleging that standardized letters sent by debt collector violated the FDCPA, where class members received the same letters and relied on the same theory of liability). Therefore, McRobie satisfies the typicality requirement with respect to her claim under Section 1692f(8) of the FDCPA in Count II of her Amended Complaint. The Court will now evaluate the class under the remaining Rule 23(a) factors and the Rule 23(b) factors as they relate to Count II.

### 2. Numerosity

Under Rule 23(a)(1), the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Satisfaction of the numerosity requirement does not require evidence of the exact number or identification of the members of the proposed class." *Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169, 182 (E.D. Pa. 2014). While "[n]o magic number exists satisfying the numerosity requirement," *Moskowitz v. Lopp*, 128 F.R.D. 624, 628 (E.D. Pa. 1989), a class of at least 41 members usually satisfies the

numerosity requirement. *See, e.g., Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001) ("[G]enerally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."). McRobie estimates the number of potential class members at 51,100. Mot. 13. CPA does not challenge numerosity. Opp. 9 n.4. This Court finds the numerosity requirement satisfied.

    3.    **Commonality**

"The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Baby Neal*, 43 F.3d at 56 (citing *Weiss v. York Hosp.*, 745 F.2d 786, 808 (3d Cir. 1984) and *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 166–67 (2d Cir. 1987)). "Because the requirement may be satisfied by a single common issue, it is easily met . . . ." *Id.*

McRobie argues that the proposed class satisfies the commonality requirement because her claims and those of the proposed class members require analyzing whether a form mailer's features violate the FDCPA, a situation where courts often find commonality. *See, e.g., Little-King v. Hayt Hayt & Landau*, No. 11-5621, 2013 WL 4874349, at *5 (D.N.J. Sept. 10, 2013) ("[T]he Court finds that there are common questions of law or fact shared among the class. Importantly, all members of the class received a materially identical debt-collection letter from Defendants. . . . All members of the class also share common questions of law, in particular, whether that letter was defective under the FDCPA."). CPA responds that McRobie cannot establish commonality because she suggested in her deposition that she seeks emotional distress

damages for her "hyperbolic" reaction, and that as a result, she cannot establish damages on a class-wide basis. Opp. 14.[7]

McRobie's claim under Section 1692f(8) requires resolving a question common to her and the members of the proposed class who received the mailer, specifically, whether the use of the numerical creditor code on the outside of the mailer violated Section 1692f(8) of the FDCPA. Because all members of the class received identical mailers in this respect, the answer to this question—and the evidence required to prove it—will be common to the class. Even if CPA is correct and McRobie claims a measure of damages different than the other members of the proposed class, she has shown at least one issue of law and fact common to her and the proposed class; therefore, the proposed class satisfies the commonality requirement.

### 4. Adequacy of Representation

The fourth and final element of Rule 23(a) requires that the Court determine that the named Plaintiffs and class counsel "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The class members are adequately represented if: (1) the interests of the class representative do not conflict with the class members' interests and (2) class counsel are competent and qualified to conduct the litigation. *See In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 532 (3d Cir. 2014).

CPA argues that McRobie and her counsel do not adequately represent the interests of the proposed class. First, CPA suggests that McRobie's interests conflict with

---

[7] CPA also argues that McRobie's claim based on her postcard falling apart in the mail does not implicate questions common to the class, *see* Opp. 14; however, this Court's decision to deny certification with respect to McRobie's Section 1692f(7) claim makes CPA's argument moot.

9
040219

those of the potential class members. CPA accuses McRobie of "gamesmanship" and takes issue with McRobie's decision to narrow the class definition in her Amended Complaint. According to CPA, McRobie and her counsel have narrowed the class to avoid the costs of notice to the larger set of potential class members, thus "abandoning" the majority of the potential class members in favor of "a tiny class that affords them the most cost efficient way to gamble on a fee shifting recovery." Opp. 10.[8]

Second, CPA argues that McRobie has not produced adequate evidence of her counsel's experience, since her evidence includes only her counsel's self-evaluation and examples of FDCPA class actions where McRobie's counsel had the assistance of co-counsel. Opp. 11-12.

This Court perceives no improper "gamesmanship" behind McRobie's decision to narrow her class definition. McRobie has narrowed the class to residents of Pennsylvania, New Jersey, and Delaware, the states within the jurisdiction of the Third Circuit Court of Appeals. This Court relied on the Third Circuit Court of Appeals' decision in *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014), when it determined that McRobie's Amended Complaint stated a claim under Section 1692f(8) and rejected a "benign language" exception to the statute. Leave to Amend Op. 9-10. Other circuits, such as the Fifth and Eighth Circuit Courts of Appeals, do recognize a benign language exception. *Id.* Limiting the class to residents of states within the Third Circuit restricts the class to plaintiffs whose claims would be governed by *Douglass* if they were brought

---

[8] CPA also complains that McRobie moved to certify the narrowed class before being granted leave to amend her complaint and accuses McRobie of impermissible "amendment through class motion." Opp. 8. Because this Court already granted leave to amend in part, CPA's argument is moot.

individually and therefore simplifies the legal issues involved in this case. Moreover, courts routinely permit a plaintiff to narrow the scope of a class at the certification stage.[9] *See, e.g., Gold v. Lumber Liquidators Inc.*, No. 14-CV-05373-TEH, 2017 WL 2688077, at *4 (N.D. Cal. June 22, 2017) ("[G]iven that courts frequently allow plaintiffs to seek certification of narrowed classes without amending their complaint, and given that district courts are tasked with ensuring class definitions are properly tailored, it would not make sense to prohibit a plaintiff from narrowing their class definition, especially when they are seeking leave to do so . . . .").

Additionally, CPA's complaints about McRobie's counsel's credentials are unfounded. Attorney Lemberg has represented plaintiffs in numerous FDCPA class actions. *See* Lemberg Declaration ¶ 3, ECF No. 23-4; *Butto v. Collecto Inc.*, 290 F.R.D. 372, 385 (E.D.N.Y. 2013) (finding Attorney Lemberg to be adequate class counsel based om "experience in handling class actions; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class"); *Zimmerman v. Portfolio Recovery Assocs., LLC*, 276 F.R.D. 174 (S.D.N.Y. 2011). Although CPA dismisses his experience because several cases involved "uncontested settlements" and not merits

---

[9] CPA's citation to the Seventh Circuit Court of Appeals' decision in *Bieneman v. City of Chicago*, 864 F.2d 463 (7th Cir. 1988), does not support its argument. In *Bieneman*, the named plaintiff filed his case as a class action yet pursued it for more than three years without asking the district court to certify a class; the district court ruled against him and he appealed on his own, leaving the class behind, and "recovered his zeal to serve as representative only on learning that disposition of the class claim was essential to his own claim." *Id.* at 466. The plaintiff filed a motion for partial certification, abandoning members of the class pleaded in the complaint and many of the issues originally identified for class treatment. *Id.* Moreover, the proposed class members were not similarly situated and had disparate interests, and the Plaintiff sought to certify a "class limited to legal claims," which "d[id] not resolve any concrete case, and [looked] suspiciously like a request for an advisory opinion." *Id.* These concerns about overall management of the class action do not exist in McRobie's case.

determinations, Attorney Lemberg's successful settlements of various consumer protection class actions—settlements which required court approval—attest to his ability to protect the rights of class members and obtain good results for them. Moreover, as McRobie points, out, Attorney Lemberg has in fact represented classes in contested cases. *See, e.g., Zimmerman*, 276 F.R.D. at 174 (granting summary judgment in plaintiff's favor).

This Court therefore finds that McRobie has satisfied the adequacy of representation requirement, and thus, all of the Rule 23(a) requirements with respect to Count II of her Amended Complaint.

### B. Rule 23(b) Requirements

In addition to satisfying Rule 23(a), a class must satisfy the requirements of Rule 23(b)(1), (2), or (3) to merit certification. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 623 (1997). McRobie seeks certification under Rule 23(b)(3), which requires the court to find: (1) that the questions of law or fact common to class members predominate over any questions affecting only individual members, and (2) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). Additionally, Rule 23(b)(3) contains the implied requirement of ascertainability. *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015), *as amended* (Apr. 28, 2015); *see also Underwood v. Kohl's Dep't Stores, Inc.*, No. CV 15-730, 2017 WL 5261535, at *4 (E.D. Pa. Nov. 13, 2017).

#### 1. Ascertainability

Initially, a plaintiff seeking certification of a Rule 23(b)(3) class must prove by a preponderance of the evidence that the class is ascertainable. *Hayes v. Wal-Mart Stores,*

*Inc.*, 725 F.3d 349, 354 (3d Cir. 2013). Ascertainability is an implied requirement of Rule 23(b)(3), and a plaintiff must show that: (1) the class is "defined with reference to objective criteria;" and (2) there is "a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Id.* at 355 (citing *Marcus v. BMW of North Amer., LLC*, 687 F.3d 583, 593–94 (3d Cir. 2012)). To satisfy the ascertainability requirement, a plaintiff need only show that "class members *can* be identified." *Byrd*, 784 F.3d at 163 (citing *Carrera v. Bayer Corp.*, 727 F.3d 300, 306 (3d Cir. 2013)).

McRobie has defined the class with respect to objective criteria: residents of three specific states who received a specific piece of mail from CPA. She has presented evidence of a "reliable and administratively feasible mechanism" for determining whether potential class members fall within the definition, as CPA's corporate designee testified that CPA can determine the names and addresses of all recipients of the postcard it sent McRobie, as well as any postcards that were returned as undeliverable, through a search of its records. *See* Diane Evans Depo. 45:21-46:10, Ex. C to Mot., ECF No. 23-6. CPA responds that McRobie has imposed no "time limits" on the class and provides no mechanism for identifying class members who received postcards that fell apart. However, lack of a defined time period in the class definition does not impede identification of potential class members from CPA's records. And because McRobie may proceed as a class representative only on her Section 1692f(8) claim, which does not require proving that a postcard fell apart, she need not identify class members who received defective mailers like she did. McRobie has proven that the proposed class is ascertainable.

13
040219

### 2. Predominance

The predominance requirement asks whether "the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "An individual question is one where 'members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (quoting 2 William B. Rubenstein, Newberg on Class Actions § 4:50, at 196-97 (5th ed. 2012)). The inquiry focuses "on whether essential elements of the class's claims can be proven at trial with common, as opposed to individualized, evidence." *Hayes*, 725 F.3d at 359 (3d Cir. 2013) (citing *In re Hydrogen Peroxide*, 552 F.3d at 311).

As discussed above in the discussion of typicality, McRobie's Section 1692f(8) claim requires proving that each class member received a mailer that contained information on its exterior other than the address of the sender. Whether the form mailer CPA sent violates Section 1692f(8) is capable of proof through evidence common to the class. And, again, the Section 1692f(8) claim does not require any potential class member to prove that the postcard he or she received fell apart in the mail like McRobie's allegedly did. This Court finds that common questions of law and fact predominate with respect to classwide resolution of Count II of McRobie's Amended Complaint.

### 3. Superiority

The superiority requirement "asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those alternative available methods of adjudication" and determine that a class action is a superior means of resolving the claims. *In re Warfarin Sodium*, 391 F.3d at 534. Rule 23(b) states that matters pertinent to the superiority requirement include: (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3).

The alternative to this class action is myriad individual lawsuits for relatively small amounts of damages resulting from the same conduct by CPA. As Count II of McRobie's Amended Complaint presents a straightforward claim capable of resolution on a class-wide basis, the greater judicial efficiency achieved by resolving the claims together outweighs any difficulties in managing a class action. The records reveals no evidence that class members have begun individual litigation or have an interest in controlling this action. Therefore, a class action is a superior method of adjudicating the proposed class members' claims compared to available alternatives.

The proposed class therefore satisfies the requirements of Rule 23(b)(3) with respect to the claim in Count II of McRobie's Amended Complaint.

IV.     **CONCLUSION**

For the reasons discussed above, this Court grants McRobie's motion to certify a class in part. The proposed class satisfies Rule 23(a) and 23(b)(3) with respect to Count II of the Amended Complaint. This Court will certify the proposed class with respect to the FDCPA claim in Count II of McRobie's Amended Complaint only. A separate order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Court

16
040219