# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| Elizabeth McRobie, *on behalf of herself and all others similarly situated,* | : : : |
| Plaintiff, | : Civil Action No.: 5:18-cv-00566-JFL : : |
| v. | : : |
| Credit Protection Association, | : : |
| Defendant. | : : : |

---

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

---

This Class Action Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff Elizabeth McRobie ("Plaintiff") on behalf of herself and the Class Members (as defined below) and Defendant Credit Protection Association ("CPA"). Plaintiff and CPA are collectively referred to herein as the "Parties." This Agreement is made effective as of the Effective Date (as defined below)

Plaintiff, Class Counsel (as defined below) and CPA hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a Final Approval Order (as defined below), all claims of Plaintiff and the Class Members in the action entitled *McRobie v. Credit Protection Association; Case No.: 5:18-cv-00566-JFL* (E.D. Pa.) (the "Action"), shall be forever and fully settled, compromised and released upon the terms and conditions contained herein.

## 1.    RECITALS

1.1    CPA was a Texas limited partnership, the principal purpose of which was the collection of debts.

1.2    On February 9, 2018, Plaintiff filed a Class Action Complaint in the United States District Court for the Eastern District of Pennsylvania (the "Court") that alleges that CPA violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA"). On October 30, 2018, Plaintiff filed an Amended Class Action Complaint alleging that CPA used language other than CPA's address on any envelope when communicating with Plaintiff and Class Members, in violation of 15 U.S.C. § 1692f(8).

**1.3**     On April 3, 2019, the Court certified a Rule 23(b)(3) class (the "Class") defined as "All natural persons residing in Pennsylvania, New Jersey and Delaware to whom Defendant CPA mailed a postcard, substantially similar to the Postcard sent to Plaintiff, in an attempt to collect a debt where the postcard was not returned as undeliverable."

**1.4**     On March 11, 2020, the Court granted summary judgment in favor of Plaintiff and the Class regarding CPA's liability under 15 U.S.C. § 1692f(8).

**1.5**     The Parties recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through trial, possible appeals and ancillary actions.  The Parties also have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation.  The Parties also are mindful of the potential problems of proof in establishing the claims and defenses asserted in this proceeding as well as the damages available to the Class.

**1.6**     This Agreement resulted from and is the product of extensive, good faith and arm's length settlement negotiations over many months.  Additionally, the Parties participated in mediation before the Hon. Henry S. Perkin ("Judge Perkin") on August 20, 2020.  The Parties submitted detailed mediation submissions to Judge Perkin setting forth their respective views as to the strengths of the case and the amount of damages available to Plaintiff and the Class.  Additionally, prior to the mediation, the Parties each responded to discovery demands and provided deposition testimony as to topics relevant to the litigation, and filed motions regarding class certification and summary judgment.  Those motions resulted in the Court's certification of the Class and grant of summary judgment in favor of Plaintiff and the Class regarding liability under 15 U.S.C. § 1692f(8) only.

**1.7**     Subject to preliminary approval and final approval by the Court as required by Fed. R. Civ. P. 23, and subject to and in exchange for the remaining provisions herein, the Parties desire a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein, and to fully, finally and forever resolve, discharge and release all rights and claims of Plaintiff and the Class Members.

**1.8**     The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement is inadmissible as evidence except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement.  The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**NOW THEREFORE**, subject to Court approval, as hereinafter provided, it is hereby agreed by the Parties that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a final order approving the settlement and directing the implementation of the terms and conditions of the settlement as set forth in this Agreement, the Action, including the claims asserted by the Plaintiff and the Class Members, shall be settled and compromised upon the terms and conditions contained herein.

2.     **DEFINITIONS**

        The definitions contained herein shall apply only to this Agreement and the attached Exhibits, and shall not apply to any other agreement, including, without limitation, any other settlement agreement, nor shall they be used as evidence, except with respect to this Agreement, of the meaning of any term. Each defined term stated in a singular form shall include the plural form, and each defined term stated in a plural form shall include the singular form. Capitalized terms used in this Agreement but not defined below shall have the meaning ascribed to them in this Agreement, including the attached exhibits. As used in this Agreement, in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

        2.1     **"Action"** means the Action captioned as *McRobie v. Credit Protection Association*; Civil Case No.: 5:18-cv-00566-JFL

        2.2     **"Agreement"** means this Class Action Settlement Agreement and Release and exhibits hereto.

        2.3     **"Approved Claims"** means claims that have been timely submitted by Class Members and approved for payment.

        2.4     **"CAFA Notice"** refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

        2.5     **"Claim Form"** or **"Claim"** means an electronic document, in substantially the form approved by the Court, to be completed by Class Members and submitted via the Settlement Website to receive a Settlement Award. Th Parties agree to propose approval of the Settlement Claim Form attached as **Exhibit D**.

        2.6     **"Claim Period"** means the period of time in which a Class Member must submit a Claim Form to be eligible to receive a Settlement Award as part of the Settlement. The last day of the Claim Period will be sixty (60) days following the Notice Deadline.

        2.7     **"Class"** means "all natural persons residing in Pennsylvania, New Jersey and Delaware to whom Defendant CPA mailed a postcard, substantially similar to the Postcard sent to Plaintiff, in an attempt to collect a debt where the postcard was not returned as undeliverable." There are approximately 33,705 individuals in the Class. Excluded from the Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, and all persons who are validly excluded from the Class. Of those 33,705 individuals, three individuals have validly excluded themselves from the Class and are no longer Class Members: Paula Aviles, Edward C. Bell, and Sonja Sharmayne Freeman.

        2.8     **"Class Member"** or **"Settlement Class Member"** means any person who is a member of the Class.

        2.9     **"Class Counsel"** means Lemberg Law, LLC.

**2.10** **"Class Representative"** means Plaintiff Elizabeth McRobie.

**2.11** **"Court"** means the United States District Court for the Eastern District of Pennsylvania.

**2.12** **"*Cy Pres* Distribution"** means monies that may be distributed in connection with the Settlement pursuant to Section **12.2** of this Agreement. *Cy Pres* will only be distributed for uncashed or undeposited checks.

**2.13** **"CPA"** means Defendant Credit Protection Association

**2.14** **"CPA's Counsel**" means Justin M. Penn, Hinshaw & Culbertson LLP and Jason G. Wehrle, Mintzer, Sarowitz, Zeris, Ledva & Meyers LLP.

**2.15** **"Effective Date"** means the fifth (5th) business day after the last of the following dates:

> **(A)** The Parties and their Counsel have executed this Agreement;
>
> **(B)** The Court has entered, without material change, the Final Approval Order; and
>
> **(C)** The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

**2.16** **"Final Approval Hearing"** means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement, an award of fees, costs and expenses to Class Counsel, the amount of the service award to Plaintiff, and any objections or comments from Class Members.

**2.17** **"Final Approval Order"** means the order and judgment that the Court enters upon finally approving the Settlement, the proposed form of which is attached hereto as **Exhibit A**. "Final Approval" occurs on the date that the Court enters, without material change, the Final Approval Order.

**2.18** **"Funding Date"** means the date, which is no later than fifteen (15) business days after the Effective Date, on which CPA shall cause payment to be made into the Settlement Fund account pursuant to Section **9.1** of this Agreement.

**2.19** **"Judge"** shall mean Hon. Joseph F. Leeson, Jr., USDJ.

**2.20** **"Long Form Notice"** means the long form notice to be made available on the Settlement Website, describing the terms of this Settlement Agreement and containing information on how to object to the settlement substantially in the form of **Exhibit B** hereto.

**2.21** **"Notice"** means the notice of this proposed Settlement Agreement and Final Approval Hearing, which is consistent with the requirements of Due Process, and which is to be provided substantially in the manner set forth in this Agreement and the exhibits thereto,

including Long Form Notice (**Exhibit B**), the Short Form Notice (**Exhibit E**), and the Settlement Website.

     2.22   **"Notice Plan"** means and refers to the plan to disseminate Notice of the Settlement Agreement to the Settlement Class that comports with due process, and which is described in Section 10.

     2.23   **"Notice Deadline"** means that notice shall be provided to the Class, in accordance with this Agreement, within thirty (30) days following entry of the Preliminary Approval Order.

     2.24   **"Objection Deadline"** means the date after which no one shall be allowed to object to the Settlement or seek to intervene, and shall be sixty (60) days after the Notice Deadline.

     2.25   **"Parties"** means Plaintiff and CPA.

     2.26   **"Preliminary Approval Order"** means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached hereto as **Exhibit C.** "Preliminary Approval" occurs on the date that the Court enters, without material change, the Preliminary Approval Order.

     2.27   **"Released Claims"** means all claims to be released as set forth in Section **17** of this Agreement.  The "Releases" means all of the releases contained in Section **17** of this Agreement.

     2.28   **"Released Parties"** means and refers to CPA and its past, present, and future subsidiaries, parent companies, its predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, estates, and other affiliates and/or related entities, and each of the foregoing's respective past, present, and future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, any and all insurance policies, members, agents, representatives, brokers, consultants, heirs, and assigns.

     2.29   **"Releasing Parties"** means Plaintiff and the Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, any co-signer, co-buyer or co-borrower or guarantors, or any other person or entity claiming through the Plaintiff or Class Member.

     2.30   **"Settlement"** means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

     2.31   **"Settlement Award"** means a cash payment that may be available to eligible Class Members pursuant to Section **11** of this Agreement.

**2.32** **"Settlement Fund"** means the amount of FORTY THOUSAND DOLLARS ($40,000) to be paid by CPA as set forth in this Agreement to Settlement Class Members. The Settlement Fund will only be used to pay Class Members and the *cy pres,* if any. Payments to Class Counsel for attorneys' fees and expenses, and class administrative costs, and any payments to the Named Plaintiff to settle her individual claims and for an Incentive Award, will be paid separate and apart from the Settlement Fund.

**2.33** **"Settlement Termination Date"** means and refers to the date, if any, that any Party exercises its right to terminate this Agreement under the terms thereof.

**2.34** **"Settlement Website"** means the website to be created by Class Counsel containing full details and information about the Settlement, including this Agreement, the Preliminary Approval Order and the Long Form Notice.

**2.35** **"Short Form Notice"** means written notice of the settlement in the form attached hereto as **Exhibit E**, to be sent in a postcard format, summarizing the terms of the settlement and advising Persons who fall within the definition of the Settlement Class of their options to object to the settlement.

## 3.    SETTLEMENT PURPOSES ONLY

**3.1** **General.** This Agreement is made for the sole purpose of settlement of the Action on a class-wide basis, as well as the settlement of all individual claims made by Plaintiff. The settlement of the Action is expressly conditioned upon the entry of a Preliminary Approval Order and a Final Approval Order by the Court. In the event that the Court does not execute and file the Order of Final Approval, or in the event the Order of Final Approval does not become final for any reason, or is modified in any material respect, or in the event that the Final Effective Date, as defined herein, does not occur, this Agreement shall be deemed null and void *ab initio* and shall be of no force and effect whatsoever, and shall not be referred to or utilized for any purpose whatsoever.

**3.2** **Admissibility.** This Agreement, any negotiations or proceedings related hereto, the implementation hereof, and any papers submitted in support of the motions for approval hereof (collectively, the "Settlement Proceedings") shall not be construed as, or deemed to be evidence of, any admission or concession by any of the Parties or any other Person regarding liability or damages, and shall not be offered or received in evidence in any action or proceeding for any purpose whatsoever; provided, however, that this Agreement and the Settlement Proceedings may be presented to the Court in connection with the implementation or enforcement of this Agreement, or as may be necessary or appropriate to further the purposes sought to be achieved by this Agreement.

**3.3** **Denial of Liability.** By entering into this Agreement the Released Parties, including CPA, do not admit and, to the contrary, expressly deny that they have breached any duty, obligation, or agreement; that they have engaged in any illegal, tortious, or wrongful activity; that they are liable to Releasing Parties, including Plaintiff and any person in the Class or any other persons; and/or that any damages have been sustained by any Releasing Parties in any way arising out of or relating to the conduct alleged in the Action, except for the duties and

consideration agreed to in this Agreement.  CPA expressly reserves all rights to challenge Releasing Parties' claims on all factual and procedural grounds, including but not limited to the assertion of any and all defenses.

**3.4    Plaintiff Recognizes the Benefit of Settlement.**  Plaintiff, the Class and Class Counsel believe that the agreement set forth in this Agreement confers substantial benefits upon the Class and that it is in the best interests of the Class to settle as described herein.

## 4.    <u>JURISDICTION</u>

**4.1**    The Parties agree that the Court has, and shall continue to have, jurisdiction to make any orders as may be appropriate to effectuate, consummate, and enforce the terms of this Agreement, to approve awards of attorneys' fees and costs pursuant hereto, and to supervise the administration of and the distribution of money funded pursuant to this Agreement.

## 5.    <u>SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS</u>

**5.1    Settlement Fund.**  CPA shall pay the total sum of FORTY THOUSAND DOLLARS ($40,0000.00) to settle the Action with the Class and obtain a release of all Released Claims against all Released Parties as set forth herein.  The Settlement Fund will be used to pay Approved Claims only and the corresponding *cy pres*, if any.  Class Members with Approved Claims will be eligible for a cash payment, the amount of which is dependent upon the number of Approved Claims.  In no event will CPA's payment obligations to pay Approved Claims exceed the Settlement Fund.

**5.2    Amount Paid Per Approved Claim.**  The amount paid per Approved Claim shall be *pro rata*; the total Settlement Fund divided by the total number of Approved Claims.

## 6.    <u>ATTORNEYS' FEES, COSTS AND PAYMENT TO PLAINTIFF</u>

**6.1    Attorneys' Fees and Costs.**  The parties agree and acknowledge that CPA will pay, separate and apart from the Settlement Fund, reasonable costs, fees, and expenses incurred by Class Counsel in litigating this case and in the course of providing Notice to the Class and other services related to the administration and payment of the Settlement in the amount of ONE HUNDRED FORTY-NINE THOUSAND DOLLARS ($149,000). Class Counsel shall move the Court to approve an award of attorneys' fees and expenses, to be paid by CPA, as fair and reasonable.  CPA agrees not to oppose such motion provided it does not exceed $149,000.

Within five (5) days of the Funding Date and after receipt of payees completed W-9 forms, CPA shall pay to Class Counsel the amount of attorneys' fees, costs and expenses, awarded to Class Counsel by the Court, as directed by written instructions from Class Counsel. Court approval of attorneys' fees and costs, or their amount, will not be a condition of Settlement.  No interest will accrue on such amounts at any time.

**6.2    Settlement of Plaintiff's Individual Claim**.  CPA agrees to pay Plaintiff ONE THOUSAND DOLLARS ($1,000.00) in resolution of her individual claims.  The payment will be made by CPA separate and apart from the Settlement Fund.  Within five (5) days of the

Funding Date and after receipt of payees' completed W-9 forms, CPA shall pay to Class Counsel the settlement of Plaintiff's individual claim and Class Counsel shall disburse such funds. No interest will accrue on such amounts at any time.

**6.3     Incentive Award to Plaintiff.**  Plaintiff will also ask the Court to award her an incentive award of FIVE THOUSAND DOLLARS ($5,000.00) (in addition to the distribution she may receive) for the time and effort she has personally invested in this Action. The payment will be made by CPA separate and apart from the Settlement Fund. In the event the request is granted by the Court, within five (5) days of the Funding Date and after receipt of payees' completed W-9 forms, CPA shall pay to Class Counsel the incentive payments awarded to Plaintiff, and Class Counsel shall disburse such funds. No interest will accrue on such amounts at any time.

**6.4     Settlement Independent of Award of Fees and Incentive Payments.**  The payment of attorneys' fees, costs and incentive payments set forth herein are subject to and dependent upon the Court's approval as fair, reasonable, adequate. This Settlement is not dependent upon the Court's approving Plaintiff's requests for such payments or awarding the particular amounts sought by Plaintiff. In the event the Court declines the requests or awards less than the amounts sought, this Settlement shall continue to be effective and enforceable by the Parties.

## 7.     <u>CONDITIONS OF SETTLEMENT</u>

**7.1**     Performance of the obligations set forth in this Agreement is subject to each of the following material conditions:

> **(A)**     Execution of this Agreement by CPA, CPA's Counsel, Plaintiff and Class Counsel.
>
> **(B)**     Execution and filing by the Court of the Preliminary Approval Order.
>
> **(C)**     Executing the Notice Plan described in Section **10** below.
>
> **(D)**     The Court conducting a Final Approval Hearing.
>
> **(E)**     Execution and filing by the Court of the Final Approval Order.
>
> **(F)**     Execution and entry of Judgment by the Court.

**7.2**     The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any Order contemplated by this Agreement. Class Counsel represents and warrants that it has authority to take all such actions required pursuant to this Agreement, and that by doing so are not in breach or violation of any agreement with Plaintiff or any third party.

8.    **PRELIMINARY APPROVAL OF THE SETTLEMENT**

   **8.1    Preliminary Approval Motion.**   As soon as practical after the execution of this Agreement, the Parties shall move the Court for entry of the Preliminary Approval Order in substantially the same form attached as **Exhibit C**.  Pursuant to the motion for preliminary approval, the Parties will request that:

   **(A)**    The Court preliminarily approve this Agreement and the Settlement reflected herein as fair, adequate and reasonable to the Class, and within the reasonable range of possible final approval;

   **(B)**    The Court approve the form of Notice and the Notice Plan and find that the notice program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Class and fully satisfies the requirements of due process and Fed. R. Civ. P. 23;

   **(C)**    The Court direct that notice be provided to the Class, in accordance with this Agreement, within thirty (30) days following entry of the Preliminary Approval Order (the "Notice Deadline");

   **(D)**    The Court shall approve a procedure for Class members to object to the Settlement;

   **(E)**    The Court shall set a deadline sixty (60) days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or seek to intervene (the "Objection Deadline");

   **(F)**    The Court shall approve the Claim Form and the claims process described herein for the Class;

   **(G)**    The Court shall set the Claim Period for the submission of Claims to end sixty (60) days after the Notice Deadline;

   **(H)**    The Court shall, pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims;

   **(I)**    The Court shall, pending final determination of whether the Settlement should be approved, stay all proceedings except those related to effectuating the Settlement; and

   **(J)**    The Court shall schedule a hearing to consider Final Approval of the Settlement, which shall be scheduled no earlier than thirty (30) days after the Objection Deadline.

**8.2     Stay/Bar of Proceedings**.  All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action, and no person in the Class or person acting or purporting to act directly or derivatively on behalf of a person may commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  The Preliminary Approval Order will contain an injunction enjoining commencing or prosecuting the Released Claims by any person unless and until after such person is validly excluded from the Class or is not a Class Member.

## 9.     SETTLEMENT CONSIDERATION

**9.1     The Settlement Fund.**  As consideration for the Settlement, CPA will pay the total Settlement Fund of FORTY THOUSAND DOLLARS ($40,000.00) to fully and completely settle all claims of the Class Members, subject to Court approval.  The Settlement Fund shall be used to make all payments to the Class Members and a *cy pres* award, if any.

**9.2     Incentive Award to Plaintiff.**  CPA will pay Plaintiff, separate and apart from the Settlement Fund, an incentive award of FIVE THOUSAND DOLLARS ($5,000.00) (in addition to the distribution she may receive) for the time and effort she has personally invested in this Action, subject to Court approval.

**9.3     Attorneys' Fees and Costs.** As further consideration for the Settlement as to the Class and Plaintiff, CPA will pay, separate and apart from the Settlement Fund, an award of attorneys' fees and expenses of ONE HUNDRED FORTY-NINE THOUSAND DOLLARS ($149,000.00), subject to Court approval.

**9.4     Settlement of Plaintiff's Individual Claim**.  As consideration for the Settlement as to Plaintiff's individual claim, CPA will pay Plaintiff, separate and apart from the Settlement Fund, ONE THOUSAND DOLLARS ($1,000.00).

## 10.     NOTICE PLAN

**10.1     Class List.**  CPA has provided Class Counsel, on a confidential basis, with access to the names and mailing addresses for persons in the Class for whom they have such information (the "Class List").

**10.2     Settlement Website.** No later than thirty (30) days following the entry of the Preliminary Approval Order, Class Counsel shall cause the Long Form Notice, this Settlement Agreement, a Settlement Claim Form portal, the Complaint, the Preliminary Approval Order, and any other relevant documents to be made available on a dedicated Settlement Website, the website name/URL www.XXX.com, maintained by Class Counsel. When available, Class Counsel's application for a Fee Award and any motion seeking approval of any Incentive Award as well as the Final Approval Order shall be posted to the Settlement Website.

**10.3    Mail Notice.**  Within thirty (30) days following entry of the Preliminary Approval Order, the Short Form Notice shall be sent to each Class Member via first class mail for those Class Members for whom a mailing address has been obtained. Mail notice will be provided to the most recent mailing address from the Class List, which shall contain a claim ID.  Where available, Class List addresses will be updated through the National Change of Address database maintained by the United States Postal Service. In addition, other reasonable steps approved by the Parties may be taken to identify the names and address of class members. If any Short Form Notice sent under this Section is returned by the Postal Service as undeliverable, the Short Form Notice shall be re-mailed once to the forwarding address, if any, provided by the Postal Service on the face of the returned mail.  Other than as set forth in this paragraph, the Parties shall have no other obligation to re-mail the Short Form Notice.

**10.4    CAFA Notice.**  CPA shall be responsible for serving the CAFA notice required by 28 U.S.C. § 1715 to the Attorney General of the United States and the appropriate state officials within ten (10) days of the filing of the Preliminary Approval Motion.

## 11.    <u>SETTLEMENT AWARDS</u>

**11.1    Awards to Class Members.**  All Class Members will be entitled to make a Claim upon the Settlement Fund for a Settlement Award, which shall be paid by check, as set forth below.  Each Class Member may make only one Claim, regardless of the number of letters each Class Member received from CPA, or the number of accounts held or obligations owed at any time.  Each Class Member who submits a valid and timely Claim Form shall be awarded a *pro rata* share of the Settlement Fund.

**11.2    Conditions For Claiming Settlement Awards.**  To obtain a Settlement Award, the Class Member must complete a valid and timely Claim Form on the Settlement Website, which shall include:  (i) the Class Member's full name and mailing address; (ii) the Class Member's Claim Identification, as reflecting in the Short Form Notice; and (iii) an affirmation that all information contained in the Claim Form is true and accurate.  Parties shall have the right to research and review the submitted Claim Forms.  If a Party disputes the veracity of a Claim Form, the Parties are to confer in good faith to resolve such dispute.  In order to be deemed timely, Claim Forms must be submitted via the Website prior to or on the last day of the Claim Period.  There will be no obligation to honor any Claim Forms submitted after the end of the Claim Period, even if such Claim Form otherwise would be valid.

## 12.    <u>DISTRIBUTION OF SETTLEMENT AWARDS</u>

**12.1    Settlement Award Payments.**  Settlement Awards shall be paid by check sent by first-class mail a check to each eligible Class Member who timely submits a completed Claim Form within forty-five (45) days after the Effective Date. Checks will be valid for one-hundred twenty (120) days from the date on the check.

**12.2    Remaining Funds.**  Money in the Settlement Fund that has not been distributed following the expiration of checks shall be paid as *cy pres* to a recipient agreed to by the Parties and approved by the Court.  No money remaining in the Settlement Fund shall revert to or otherwise be paid to CPA.

## 13.    <u>OBJECTIONS</u>

     **13.1    Right To Object.**  Any Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the incentive awards, but only if the Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Objection Deadline.  Any Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and costs and/or incentive awards.  Further, any Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court.

     **13.2    Objection Requirements.**  To be heard at the Final Approval Hearing, the Class Member must make any objection in writing and file it with the Court by the Objection Deadline. The objection must also be mailed to each of the following, postmarked not later than the last day to file the objection: (i) Class Counsel – Sergei Lemberg and Joshua Markovits, Lemberg Law, LLC, 43 Danbury Road, 3rd Floor, Wilton, CT 06897 ; and (ii) CPA's Counsel – Justin M. Penn, Hinshaw & Culbertson LLP 151 North Franklin Street, Suite 2500, Chicago, IL 60606. An objection must:

          **(A)**    Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member, including providing the Claim ID, full name, address, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel;

          **(B)**    Include a statement of such Class Member's specific objections; and

          **(C)**    State the grounds for objection and attach any documents supporting the objection.

     **13.3**    Any Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.  A Class Member intending to make an appearance at the Fairness Hearing must: (i) file a notice of appearance with the Court no later than twenty (20) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.  Failure to comply with the provisions of this Section shall waive and forfeit all right to appear separately and/or to object, and shall bind any such Class Member who fails to comply with the provisions of this Section to all the terms of this Settlement, and by all proceedings, orders, and judgments in the litigation.

14.     **FINAL APPROVAL AND JUDGMENT ORDER**

    **14.1     Final Approval.**  Following completion of the Class Notice process and within fifteen (15) days following expiration of the Objection Period, the Parties shall request that the Court enter the Final Approval Order in substantially the same form attached as **Exhibit A**, which shall specifically include provisions that:

        **(A)**    Finally approve the Settlement as fair, reasonable and adequate to the class;

        **(B)**    Find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Class, and fully satisfies the requirements of due process and Fed. R. Civ. P. 23;

        **(C)**    Find that the Class Members have been adequately represented by Plaintiff and Class Counsel;

        **(D)**    Approve the plan of distribution for the Settlement Fund and any interest accrued thereon;

        **(E)**    Confirm that Plaintiff and the Class Members have released all Released Claims that are contemplated under this Agreement and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties;

        **(F)**    Dismiss on the merits and with prejudice all claims of the Class Members asserted against CPA, as well as the Action, without costs to any party, except as provided in this Agreement; and

        **(G)**    Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

15.     **FINAL JUDGMENT**

    **15.1**     The Judgment entered at the Final Approval Hearing shall be deemed final:

        **(A)**    Thirty (30) days after entry of the Final Judgment approving the Settlement if no document is filed within the time seeking appeal, review or rehearing of the judgment; or

        **(B)**    If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section **14.**

16. <u>**DISMISSAL AND NO ADMISSIONS**</u>

**16.1    Dismissal.**  Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice as to Plaintiff and the Class Members.

**16.2    No Admission of Liability.**  CPA expressly disclaims and denies any wrongdoing or liability whatsoever and CPA expressly denies all liability and wrongdoing of any kind associated with the alleged claims in the operative complaints.  CPA has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Actions. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by the Released Parties of any liability or wrongdoing and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.  Nothing herein shall constitute an admission by the Released Parties that the Actions are properly brought on a class or representative basis, or that classes may be certified in those actions, other than for settlement purposes.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing by or liability of the Released Parties; (ii) is or may be deemed to be or may be used in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal as an admission or evidence of any fault or omission of the Released Parties; (iii) is or may be deemed a waiver of CPA's right to challenge class certification if this Settlement for any reason does not become final; (iv) is or may be deemed to be a waiver of CPA's right to seek to enforce any arbitration provision in other cases or against persons in the Class; or (v) is or may be deemed or used as an admission of the appropriateness of these or similar claims for class certification.

**16.3    No Admission Under Federal Rule of Evidence 408.** Pursuant to F.R.E. 408 and any similar provisions under the laws of any state, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as may be necessary to approve, interpret or enforce this Agreement.

17. <u>**RELEASE OF CLAIMS**</u>

**17.1**    As of the Effective Date, Plaintiff and the Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and other person claiming through any of them, will be deemed to have fully released and forever discharged CPA and each and all of its and their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors in interest, insurers, and all of the respective officers, directors, employees, attorneys, shareholders, agents, representatives, and assigns of the aforementioned (together, the "Released Parties") from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling),

common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, arising from the postcards sent to Class Members that are substantially similar to the P0074 Postcard sent to Plaintiff, in an attempt to collect a debt where the postcard was not returned as undeliverable (collectively, the "Released Claims").

17.2    Plaintiff and the Class Members understand and acknowledge the significance of these waivers of applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiff and the Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

## 18.    TERMINATION OF AGREEMENT

18.1    **Either Side May Terminate the Agreement.**  Plaintiff and CPA shall each have the right to unilaterally terminate this Agreement by providing written notice of his or its election to do so ("Termination Notice") to all other Parties within ten (10) calendar days of any of the following occurrences:

> **(A)**    The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Agreement;

> **(B)**    An appellate court reverses the Final Approval Order, and the Agreement is not reinstated without material change by the Court on remand;

> **(C)**    The Effective Date does not occur; or

> **(D)**    Any other ground for termination.

18.2    **Settlement Fund Return to CPA.**  In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason including, but not limited to, **Section 18.1** herein, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to CPA within fifteen (15) days of the event that causes the Agreement to not become effective.

18.3    **Revert to Status Quo.**  If Plaintiff or CPA terminate this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.

## 19.     <u>INAPPLICABLITY TO VALIDITY OF DEBTS/OBLIGATIONS</u>

**19.1**     This agreement has no effect on any debt whatsoever. The Parties understand and agree that this Agreement and any terms herein shall not affect in any regard any debt or obligation owed or not owed, if any, by Plaintiff to CPA and/or their clients, principals, and their related or affiliated entities. This Agreement does not operate to substantiate, create, affirm, waive, extinguish, terminate, reduce or affect any debt or obligation owed or not owed by Plaintiff or any Class Member, and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to CPA, to the extent such right exist, and its clients, principals and its related or affiliated entities. The Settlement and any and all payments to Class Members that may arise from the settlement shall in no way re-trigger/re-activate the statute of limitations for any alleged debts of Class Members may owe to CPA and/or its clients, principals, and their related or affiliated entities.

## 20.     <u>TAXES</u>

**20.1**     **Responsibility for Taxes on Distribution.** Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

**20.2**     **CPA Is Not Responsible.** In no event shall CPA or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund or other consideration to Plaintiff, Class Members, Class Counsel or any other person or entity, and the Settlement Class shall indemnify and hold CPA and the other Released Parties harmless from all such taxes and tax-related expenses (including, without limitation, taxes and tax-related expenses payable by reason of any such indemnification).

## 21.     <u>MISCELLANEOUS</u>

**21.1**     **Governing Law**. This Agreement shall be governed by the laws of the State of Pennsylvania. The Parties acknowledge and agree that action brought by either Party to enforce any term of this Agreement are subject to jurisdiction in the United States District Court for the District of Pennsylvania.

**21.2**     **Evidentiary Preclusion.** In order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file the Agreement and/or the judgment in any action or proceeding that may be brought against them.

**21.3**     **No Construction Against Drafter.** This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**21.4    Entire Agreement.**  This Agreement and exhibits hereto constitute the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court.  The provisions of the Agreement may be waived only in a writing executed by the waiving party.  The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

**21.5    Authority.**  Each person executing this Agreement on behalf of any of the Parties hereto represents that such person has the authority to execute this Agreement.

**21.6    No Assignment.**  No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

**21.7    Receipt of Advice of Counsel.**  Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.  Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

**21.8    Agreement Binding on Successors in Interest.**  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

**21.9    Execution in Counterparts.**  The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**21.10    Notices.**  Unless stated otherwise herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax, regular mail or FedEx, postage prepaid, as follows:

| As to Plaintiff and the Class | As to CPA: |
|---|---|
| Sergei Lemberg, Esq. | Justin M. Penn, Esq. |
| Joshua Markovits, Esq. | Hinshaw & Culbertson LLP |
| Lemberg Law, LLC | 151 North Franklin Street |
| 43 Danbury Road, 3rd Floor | Suite 2500 |
| Wilton, CT 06897 | Chicago, IL 60606 |

**21.11   Time Periods.**  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**21.12   Resolution of Disputes.**  The Parties shall cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed as follows:

**CLASS PLAINTIFF:**                                    Dated: _October 23___, 2020

_Elizabeth L. McRobie_____
Elizabeth McRobie

**CREDIT PROTECTION ASSOCIATION:**            Dated: _____, 2020

By:   _____

Its:   _____

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**
Lemberg Law LLC
                                                            Dated: _____, 2020

By:   _____
        Sergei Lemberg

**CREDIT PROTECTION ASSOCIATION'S COUNSEL**
Hinshaw & Culbertson LLP                       Dated: _____, 2020

By:   _____
        Justin M. Penn

**21.11    Time Periods.**  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**21.12    Resolution of Disputes.**  The Parties shall cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed as follows:

**CLASS PLAINTIFF:**                                              Dated: _____, 2020

_____
Elizabeth McRobie

**CREDIT PROTECTION ASSOCIATION:**                    Dated: _4/2__, 2020

By:  _____

Its:  _____

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**
Lemberg Law LLC
                                                            Dated: _____, 2020

By:  _____
     Sergei Lemberg

**CREDIT PROTECTION ASSOCIATION'S COUNSEL**
Hinshaw & Culbertson LLP
                                                            Dated: _____, 2020

By:  _____
     Justin M. Penn

**21.11   Time Periods.**  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**21.12   Resolution of Disputes.**  The Parties shall cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed as follows:

**CLASS PLAINTIFF:**                                     Dated: _____, 2020

_____
Elizabeth McRobie

**CREDIT PROTECTION ASSOCIATION:**          Dated: _____, 2020

By: _____

Its: _____

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**
Lemberg Law LLC                                          Dated: _____, 2020

_____
By:    Sergei Lemberg

**CREDIT PROTECTION ASSOCIATION'S
COUNSEL**
Hinshaw & Culbertson LLP                          Dated: _____, 2020

_____
By:    Justin M. Penn

**21.11   Time Periods.**  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**21.12   Resolution of Disputes.**  The Parties shall cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed as follows:

**CLASS PLAINTIFF:**                                              Dated:  _____, 2020


_____
Elizabeth McRobie


**CREDIT PROTECTION ASSOCIATION:**                    Dated:  _____, 2020

By:   _____

Its:   _____

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**
Lemberg Law LLC
                                                                     Dated:  _____, 2020


By:   _____
       Sergei Lemberg

**CREDIT PROTECTION ASSOCIATION'S
COUNSEL**
Hinshaw & Culbertson LLP                              Dated:  October 27,  2020


By:   _____
       Justin M. Penn

# **EXHIBIT A**

# **FINAL APPROVAL ORDER**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Elizabeth McRobie, *on behalf of herself and all others similarly situated,* : | |
| : | Civil Action No.: 5:18-cv-00566-JFL |
| Plaintiff, : | |
| v. : | |
| : | |
| Credit Protection Association, : | |
| : | |
| Defendant. : | |

---

## ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

Upon consideration of the Parties' request for final approval of the Class Action

Settlement and Release between Plaintiff Elizabeth McRobie ("Plaintiff"), individually, and as

representative of the class of persons defined below, and Defendant Credit Protection

Association ("CPA"), the Court orders and finds as follows:

The settlement involves allegations in Plaintiff's class action Amended Complaint against

CPA for alleged violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 (the

"FDCPA").

On April 3, 2019, the Court certified the following Class (the "Class") regarding CPA's

violations of 15 U.S.C. § 1692f(8): "All natural persons residing in Pennsylvania, New Jersey

and Delaware to whom Defendant CPA mailed a postcard, substantially similar to the Postcard

sent to Plaintiff, in an attempt to collect a debt, where the postcard was not returned as

undeliverable." (Doc. Nos. 42 & 43).

On_____, this Court granted preliminary approval to the proposed

class action settlement set forth in the Settlement Agreement and Release (the "Settlement

Agreement") between Plaintiff, on behalf of herself and all members of the Class, and Defendant CPA

(collectively, the "Parties"). The Court finds that the Class Notice in the form approved by the Court in its Preliminary Approval Order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate.

On _____, the Court held a fully noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement were fair, reasonable, and adequate; (2) whether the Parties' Settlement Agreement should be given final approval; and (3) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel for the Settlement Class and whether and in what amount to award individual statutory damages and an Incentive Award to the Class Representative.

## NOW, THEREFORE, IT IS HEREBY ORDERED THAT

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Approval Order. Without affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other purpose.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties engaged in a mediation, extensive settlement discussions and extensive discovery. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to

Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object to the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

4.      The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

5.      The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions.

6.      Pursuant to Fed. R. Civ. P. 23, the Court hereby awards Class Counsel for the Settlement Class Attorney's Fees and Expenses in the amount of $ _____.  The award of attorneys' fees and costs to Class Counsel shall be paid separate and apart from the Settlement Fund.

7.      The Court finds the award of fees and costs are reasonable as (a) Class Counsel achieved a favorable result for the Class; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class

Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendant's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and has approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request, Class Counsel filed and posted their petition in time for Settlement Class Members to make a meaningful decision on whether to object to the Class Counsel's fee request.

8.      The Court further approves the individual settlement for the Plaintiff in the amount of $ _____ and an Incentive Award in the amount of $ _____ to Class Representative Plaintiff, payable pursuant to the terms of the Settlement Agreement.

9.      Upon entry of this Final Approval Order, Plaintiff and all members of the Class who did not validly and timely submit Requests for Exclusion shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

10.     Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement.

11.     The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding on, and shall have res judicata and preclusive

4

effect in all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

12.　　The Releases, which are set forth in Section 17 of the Settlement Agreement, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined in the Settlement Agreement) from all Released Claims (as that term is defined in the Settlement Agreement).

13.　　The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who validly and timely submitted a Request for Exclusion from the Settlement.

14.　　The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

15.　　The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

16.　　Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing,

commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

17.      Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a)      offered by any person or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party;

(b)      offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party; or

(c)      offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

18.      This Final Approval Order and the Settlement Agreement (including the Exhibits

thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.    In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force. and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

20.    This Action, including all individual claims and class claims presented herein, is hereby **DISMISSED** on **WITH PREJUDICE** without fees or costs to any party except as otherwise provided herein.

**SO ORDERED.**

_____

HONORABLE JOSEPH F. LEESON, U.S.D.J.

## **EXHIBIT B**

## **LONG FORM NOTICE**

UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF PENNSYLVANIA

# You May Be Entitled to a Payment from a Class Action Settlement

*A federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

A Settlement Agreement has been reached in a class action lawsuit alleging that Credit Protection Association sent debt collection postcards that disclosed private consumer information on their exterior in violation of the Fair Debt Collection Practices Act, 28 U.S.C. § 1692, et seq. ("FDCPA").

A settlement fund of $40,000.00 has been established to pay valid claims. You may be entitled to receive a share of the fund. The final cash payment will depend on the total number of valid and timely claims submitted by all Class Members. Your legal rights are affected whether you act or don't act, so read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** Deadline: _____ | **Complete and submit a Claim Form and receive an equal share of the Settlement Fund** By completing and submitting a Claim Form you may recover an equal share of the Settlement Fund. This is the only way to receive money from the Fund. You may file a claim here [hyperlink]. |
| **OBJECT** Deadline: _____ | **Object to the terms of the Settlement Agreement.** You may object to the terms of the Settlement Agreement and have your objections heard at the _____ Fairness Hearing. How to make an objection is explained in item 17 below. |

• These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

• The Court in charge of this case still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit Approved Claims. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**..................................................................................................**PAGE 3**
1. Why is there a Notice?
2. What is this litigation about?
3. What is the Fair Debt Collection Practices Act?
4. Why is this a class action?
5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**.............................................................................**PAGE 4**
6. Who is included in the Settlement?
7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**........................................................................................**PAGE 4**
8. What does the Settlement provide?
9. How do I file a Claim?
10. When will I receive my payment?

**THE LAWYERS REPRESENTING YOU**.............................................................................**PAGE 5**
11. Do I have a lawyer in the case?
12. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**................................................................................**PAGE 5**
13. How do I tell the Court I do not like the Settlement?

**THE FINAL APPROVAL HEARING**...................................................................................**PAGE 6**
14. When and where will the Court decide whether to approve the Settlement?
15. Do I have to attend the hearing?
16. May I speak at the hearing?

**IF YOU DO NOTHING**.....................................................................................................**PAGE 7**
17. What happens if I do nothing at all?

**GETTING MORE INFORMATION**.....................................................................................**PAGE 7**
18. How do I get more information?

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT**
**www.xxx.com**

## BASIC INFORMATION

**1.  Why is there a Notice?**

A court authorized this Notice because you have a right to know about a proposed Settlement of a class action lawsuit known as *McRobie v. Credit Protection Association,* Case No. 5:18-cv-00566-JFL in the U.S. District Court for the Eastern District of Pennsylvania and about all of your options before the Court decides whether to give Final Approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Joseph F. Leeson, Jr. of the United States District Court for the Eastern District of Pennsylvania is overseeing this case. The person who sued, Elizabeth McRobie, is called the "Plaintiff." Credit Protection Association is called the "Defendant."

**2.  What is this litigation about?**

In the lawsuit, the Plaintiff claims that Credit Protection Association sent debt collection postcards to consumers which contained a code number on the exterior corresponding with the consumers' creditor, *i.e.*, the debt collector sent mailers that disclosed sensitive private information about consumers. Plaintiff claims this practice violated the federal Fair Debt Collection Practices Act.

Defendant denies any wrongdoing, denies that its postcards violated the FDCPA in any way.

The Plaintiff's Amended Complaint, Settlement Agreement, and other case-related documents are posted on the Settlement Website, https://www.xxx.com/. The Settlement resolves the lawsuit.

**3.  What is the Fair Debt Collection Practices Act?**

The Fair Debt Collection Practices Act (commonly referred to as the "FDCPA") is a federal consumer protection law that provides protections to consumers from certain debt collection practices.

**4.  Why is this a class action?**

In a class action, one person called the "Class Representative" (in this case, Plaintiff Elizabeth McRobie) sues on behalf of herself and other people with similar claims. Here, the Class Representative sued on behalf of people in Pennsylvania, New Jersey and Delaware who have the same claims under the FDCPA as Defendant sent everybody the substantially similar postcard with the allegedly unlawful disclosure. In a Class Action one court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class.

**5.  Why is there a settlement?**

The Court has not awarded damages in favor of either Plaintiff or Credit Protection Association. Instead, both sides have agreed to a settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Claimants will receive the benefits described in this Notice. Credit Protection Association denies all legal claims in this case. Plaintiff and her lawyers think the proposed Settlement is best for everyone who is affected.

## WHO IS PART OF THE SETTLEMENT

| 6.   Who is included in the Settlement? |
|---|

The Settlement Class is defined as:

> All natural persons residing in Pennsylvania, New Jersey and Delaware to whom Defendant CPA mailed a postcard, substantially similar to the Postcard sent to Plaintiff, in an attempt to collect a debt, where the postcard was not returned as undeliverable.

| 7.   What if I am not sure whether I am included in the Settlement? |
|---|

If you have questions about the Settlement, visit the Settlement Website at www.xxx.com or call the toll-free number, 1-xxx-xxx-xxxx.

## THE SETTLEMENT BENEFITS

| 8.   What does the Settlement provide? |
|---|

To fully settle and release claims of the Settlement Class Members, Credit Protection Association has agreed to fund a Settlement Fund of $40,000.00 to make payments to the Settlement Class Members (the "Settlement Fund").

Each Settlement Class member is entitled to an equal share of the Settlement Fund. The total amount you recover will depend on the total number of class members who submit claim forms.

Settlement Class Claimants who submit Approved Claims will be sent their Claim Settlement Payments to the address they submitted on their Claim Form within 30 days following the Effective Date.

| 9.   How do I file a Claim? |
|---|

If you qualify for a payment, you must complete and submit a valid Claim Form at the Settlement Website, www.xxx.com. To be valid, a Claim Form must be completed fully and accurately, certified and submitted timely.

You must submit a Claim Form through the Settlement Website by [DATE].

Please read the Claim Form carefully and provide all the information required. Only one Claim Form may be submitted per Settlement Class Member.

| 10. When will I receive my payment? |
|---|

Payments to Settlement Class Members will be made only after the Court grants Final Approval to the Settlement and after any appeals are resolved (*see* "Final Approval Hearing" below). If there are appeals, resolving them can take time. Please be patient.

# THE LAWYERS REPRESENTING YOU

## 11. Do I have a lawyer in the case?

The Court has appointed the following law firm as "Class Counsel" to represent all members of the Settlement Class.

LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

## 12. How will the lawyers be paid?

Subject to the Court's approval, Credit Protection Association will pay Class Counsel a total of not more than $149,000.00 as attorneys' fees, costs and expenses incurred with respect to the Plaintiff and the Class claims.  The payment will be made separate and apart from the Settlement Fund.

In addition, subject to the Court's approval, Credit Protection Association will pay the Class Representative $1,000.00 to settle her individual statutory damages claim and an incentive award of $5,000.00 in addition to her pro rata share of the class recovery.


# OBJECTING TO THE SETTLEMENT

## 13. How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member, you can object to any part of the Settlement.  To object, you must timely submit a letter that includes the following:

(i)     Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member, including providing the Claim ID, full name, address, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel;

(ii)    Include a statement of such Class Member's specific objections; and

(iii)   State the grounds for objection and attach any documents supporting the objection.


Class, mass, and group Objections are prohibited.  If you wish to object, you must submit your objection in writing and mailed or hand-delivered to the Clerk of the Court and postmarked or delivered by no later than the Objection Deadline.  Objections may be filed by counsel for a Settlement Class Member, retained at the Settlement Class Member's expense, though any such counsel must file an appearance in the Action.

An objector is not required to attend the Final Approval Hearing.  However, any Settlement Class Member who objects may appear at the Final Approval Hearing, either in person or through an attorney hired at his or her own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the underlying settlement.  A Class Member intending to make an appearance at

the Fairness Hearing must: (i) file a notice of appearance with the Court no later than twenty (20) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on all counsel for all Parties.  Any Settlement Class Member who fails to timely submit a written objection with the Court shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Agreement by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other related action or proceeding.

| Clerk of the Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| United States District Court for the Eastern District of Pennsylvania Edward N. Cahn U.S. Courthouse & Federal Bldg. 504 W. Hamilton Street Allentown, PA 18101 | Sergei Lemberg Joshua Markovits LEMBERG LAW, L.L.C. 43 Danbury Road, 3rd Floor Wilton, CT 06897 Telephone: (203) 653-2250 Facsimile:  (203) 653-3424 | Justin Penn HINSHAW & CULBERTSON LLP 151 North Franklin Street, Suite 2500 Chicago, Illinois  60606 Telephone:  (312) 704-3157 Facsimile:  (312) 704-3001 |

# THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Final Approval Hearing").

## 14. When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Final Approval Hearing on **xxxxxxx at xxx a.m.** at the xxxxxxxxxxxxx. The hearing may be moved to a different date or time without additional notice to you, so it is a good idea to check www.xxx.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  The Court will also consider the requests by Class Counsel for Attorneys' Fees and Expenses and for an Incentive Award to the Class Representative. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

## 15. Do I have to attend the hearing?

No.  Class Counsel will answer any questions the Court may have.  But you are welcome to attend the hearing at your own expense.  If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time to the proper addresses and it complies with all the other requirements set forth above, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary.

## 16. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, your timely filed objection must include a statement of whether you intend to appear at the Final Approval Hearing (*see* Question 13 above).

## IF YOU DO NOTHING

| 17. What happens if I do nothing at all? |
|---|

If you are a Settlement Class member and do nothing, meaning you do not file a timely and approved claim, you will not get benefits from the Settlement. Further, you will be bound by the judgment entered by the Court.

## GETTING MORE INFORMATION

| 18. How do I get more information? |
|---|

This Notice summarizes the proposed Settlement. You are urged to review more details in the Settlement Agreement. For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at www.xxx.com. You also may write with questions to the P.O. Box XXXX, XXXX, XX XXXXX or call the toll-free number, 1-xxx-xxx-xxxx.

# **EXHIBIT C**

# **PRELIMINARY APPROVAL ORDER**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Elizabeth McRobie, *on behalf of herself and all others similarly situated*, | : |
| | : |
| | : Civil Action No.: 5:18-cv-00566-JFL |
| Plaintiff, | : |
| v. | : |
| | : |
| Credit Protection Association, | : |
| | : |
| Defendant. | : |
| | : |

---

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT AND**
**DIRECTING DISSEMINATION OF CLASS NOTICE**

---

THIS MATTER having been brought before the Court upon the Unopposed Motion of Plaintiff Elizabeth McRobie ("Plaintiff") for an Order pursuant to Fed. R. Civ. P. 23(e), seeking preliminary approval of a class action settlement, and directing dissemination of class notice (the "Motion"); and

WHEREAS Defendant Credit Protection Association ("CPA") does not oppose the Motion; and

WHEREAS the Court has reviewed the submissions of the parties, held a hearing on _____, (the "Preliminary Approval Hearing"), and found that the parties are entitled to the relief they seek; and

WHEREAS the Court has reviewed the Settlement Agreement attached as ***Exhibit A*** to the Motion and the exhibits thereto, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

**IT IS HEREBY ORDERED**:

1. The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

2. The Court approves the form and content of the Class Notice, substantially in the forms attached as Exhibits B and E to the Settlement Agreement.  The Court further finds that the Notice program described in the Settlement is the best practicable under the circumstances. The Notice program is reasonably calculated under the circumstances to inform the Class of the pendency of the Action, the terms of the Settlement, Class Counsel's application for a Fee Award and the request for Incentive Award for Plaintiff, and their rights to object to the Settlement. The Settlement Class Notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Settlement Class Notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

3.    The Class Notice program shall be implemented, as set forth below and in the Settlement, using the Settlement Class notices substantially in the forms attached as Exhibits to the Settlement and approved by this Preliminary Approval Order. Notice shall be provided to the members of the Settlement Class pursuant to the Class Notice program, as specified in the Settlement and approved by this Preliminary Approval Order.

4.    A Settlement Website shall be established as a means for Settlement Class members to submit claims, obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Notice Plan. The Settlement Website shall provide a portal for submitting claims. To be valid and timely, claims must be submitted on the Settlement Website on or before the last day of the Claim Period, which is 60 days after mailed Notice is sent.  The Settlement Website shall include hyperlinks to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for Defendant agree to include. These documents shall remain on the Settlement Website until at least thirty (30) days following the Effective Date.

5.    A  Final  Approval  Hearing  shall  be  held  before  this  Court  on _____ to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's application for a Fee Award and request for an Incentive Award for the Class Representative should be granted.

6.    Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of Pennsylvania and serve copies of the objection on Class Counsel and Counsel for the Defendant as set forth in the Notice. Any objection must include the name and number

3

of the case (*i.e. McRobie v. Credit Protection Association,* 5:18-cv-00566-JFL), the factual and legal basis for the objection, the objector's name, addresses, telephone number, bear the objector's signature and, if represented by counsel, such counsel's name, address, and telephone number.  Objectors who have filed written objections to the settlement may also appear themselves or through counsel at the Fairness Hearing. To be effective, the objection must be filed with the Court and served on counsel for the parties by _____ (60 days after the initial mailing of the Class Notice).  Any objection that fails to satisfy the requirements of this paragraph, or that is not properly and timely submitted, shall not be effective, will not be considered by this Court, and will be deemed waived, and those Settlement Class Members shall be bound by the final determination of this Court.

7.   In the event that the proposed settlement is not finally approved by this Court, or in the event that the Settlement Agreement becomes null and void pursuant to the terms or is otherwise not consummated, this Order and all related Orders shall likewise become null and void, shall have no further force and effect, and shall not be used or referred to for any purposes whatsoever in these actions or in any other case or controversy.  In such event, the Settlement Agreement and all negotiations and proceedings directly related to the Settlement Agreement shall be deemed to be without prejudice to the rights of all of the Parties, who or which shall be restored to their respective positions preceding the execution of the Settlement Agreement.

8.   All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class,

1009767\306844843.v1

and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

9.    The Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| **EVENT** | **SCHEDULED DATE** |
|---|---|
| Notice mailing deadline | 30 days after entry of Preliminary Approval Order |
| Attorney's Fees and Cost application due by | 30 days after the Notice mailing deadline |
| Incentive Award application due by | 30 days after the Notice mailing deadline |
| Last day for objections to the Settlement to be filed with the Court | 60 days after the Notice mailing deadline |
| Last day to submit a Valid Claim Form | 60 days after the Notice mailing deadline |
| Briefs in support of Final Approval due by | 14 days prior to the Final Approval Hearing |
| CAFA compliance certification due by | 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | No earlier than 90 days after the Notice mailing deadline |

**SO ORDERED**

_____
HONORABLE JOSEPH F. LEESON, U.S.D.J.

1009767\306844843.v1

# **EXHIBIT D**

# **CLAIM FORM**

*Elizabeth McRobie v. Credit Protection Association., 5:18-cv-00566*
(Eastern District of Pennsylvania)

If you wish to receive money from your participation in the settlement, please complete and submit this **Settlement Claim Form**.

You must complete and submit a Claim Form by _____. The final amount per class member will depend on the total number of valid claim forms received. To complete this form, provide the information below and execute the certification.

First Name: _____ Last Name: _____

Claim Identification Number from your class notice: _____

Address: _____ ____

City:_____ State:_____ Zip Code: _____

Current Phone Number (optional) _____

Email (optional) _____

### Certification

By submitting this Claim Form, I certify and affirm that the information I am providing is true and correct to the best of my knowledge and belief, I am over the age of 18 and I wish to claim my share of the Settlement Fund.

_____ Date: ___/____/_____

## **EXHIBIT E**


## **SHORT FORM NOTICE**

**[[[Mail Vendor Address]]]**

PRESORTED
FIRST-CLASS
MAIL

U.S. POSTAGE
PAID

[FIRST1] [LAST1]
[ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

NOTICE FROM UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
(not a lawyer solicitation)

A Settlement Agreement has been reached in a class action lawsuit alleging that Credit Protection Associaton sent debt collection postcards to consumers which contained a code number on the exterior corresponding with the consumers' creditor, in violation of the Fair Debt Collection Practices Act ("FDCPA"). Credit Protection Association's records show that you may have received one of these postcards and may be entitled to participate in the settlement.

A settlement fund of $40,000 has been established to pay valid claims. Each Class Member is entitiled to one equal share of the fund. The final cash payment for Class Members will depend on, among other things, the total number of valid and timely claims filed by all Class Members.

If you wish to make a claim to recover money from the fund, you must file one online at [[www.xxx.com ]]].

Your legal rights are affected whether you act or don't act, so read this notice carefully. For more information or to submit an online Claim Form, visit www.xxx.com.

[CLAIM ID IN DIGITS]
[CLAIM ID IN BARCODE]

[FIRST1] [LAST1]
[ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

*Elizabeth McRobie v. Credit Protection Association, 5:18-cv-00566-JFL (Eastern District of Pennsylvania)*

In the lawsuit, the Class Representative alleges that Credit Protection Association sent debt collection postcards to consumers which contained a code number on the exterior corresponding with the consumers' creditor, i.e., the debt collector sent mailers that disclosed sensitive private information about consumers.   Plaintiff claims this practice violated the federal Fair Debt Collection Practices Act ("FDCPA").  Defendant denies any wrongdoing, denies that its postcards violated the FDCPA in any way. Both sides have agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of further litigation and trial.

**Who's Included in the Settlement Class?** All natural persons residing in Pennsylvania, New Jersey and Delaware to whom Defendant CPA mailed a postcard, substantially similar to the Postcard sent to Plaintiff, in an attempt to collect a debt, where the postcard was not returned as undeliverable ("Class Members").

**What Can You Get?** A $40,000 settlement fund has been established which will be used to pay Class Members who submit valid claims. Each Class Member who submits a valid claim form is entitled to one equal share of the fund. Cash payment amounts will depend on the total number of valid claims filed by all Class Members.

**How to Get Money?** To qualify for payment, you must submit a valid claim form at the settlement website www.xxx.com by **DATE**.  You will need the claim identification number on this postcard**.**

**Your Other Rights.** You may object to the Settlement by **DATE**. The Full Notice and Settlement Agreement, available at www.xxx.com, explains how to object to the Settlement.

The Court will hold a hearing in this case on **DATE** at **TIME** p.m. to consider whether to approve the Settlement and a request by the lawyers representing all Class Members for fees and for reimbursement of expenses for litigating the case in the amount of $149,000, to be paid separate and apart from the Settlement Fund, as well as up to $5,000 as an incentive award for the Class Representative and $1,000 to resolve the Class Representative's individual claim. You or your own lawyer may attend the hearing and ask to be heard by the Court, at your own expense, but you do not have to.

For more information or a Claim Form, call xxx-xxx-xxxx or visit www. xxx.com
**Do not contact the Court, Defendant or its counsel. They cannot answer any questions.**