UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH MCROBIE, on behalf of herself and all others similarly situated,<br>　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>CREDIT PROTECTION ASSOCIATION,<br>　　　　　　　　Defendant. | :<br>:<br>:<br>:<br>:  No. 5:18-cv-00566<br>:<br>:<br>: |

**O R D E R**

**AND NOW**, this 20th day of July, 2021, upon consideration of the Parties' joint motion for Final Approval of the Class Action Settlement and Release between Plaintiff Elizabeth McRobie ("Plaintiff"), individually, and as representative of the class of persons defined below, and Defendant Credit Protection Association ("CPA"), *see* ECF No. 96, as well the Parties' joint motion for Final Approval of Attorneys' Fees, Costs, and Incentive Award, *see* ECF No. 93, the Court Orders and finds as follows:

The settlement in this matter involves allegations in Plaintiff's class action Amended Complaint against CPA for alleged violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA").

On April 3, 2019, the Court certified the following Class (the "Class") regarding CPA's violations of 15 U.S.C. § 1692f(8): "All natural persons residing in Pennsylvania, New Jersey and Delaware to whom Defendant CPA mailed a postcard, substantially similar to the Postcard sent to Plaintiff, in an attempt to collect a debt, where the postcard was not returned as undeliverable." ECF Nos. 42-43.

On November 20, 2020, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement and Release (the "Settlement Agreement") between Plaintiff, on behalf of herself and all members of the Class, and Defendant CPA (collectively, the "Parties"). *See* ECF Nos. 90-91. The Court finds that the Class Notice in the form approved by the Court in its Preliminary Approval Order, given in the manner Ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate.

On July 15, 2021, the Court held a fully noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement were fair, reasonable, and adequate; (2) whether the Parties' Settlement Agreement should be given final approval; and (3) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel for the Settlement Class and whether and in what amount to award individual statutory damages and an Incentive Award to the Class Representative. No member of the Class filed any objections to any aspect of the Settlement Agreement, either with counsel or with the Court; nor did any member of the Class appear at the Final Approval Hearing despite the Hearing being fully noticed.

In light of the above findings,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.     The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Approval Order. Without affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other purpose.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties engaged in a mediation, extensive settlement discussions and extensive discovery. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation. The Class Representative and Class Counsel have adequately represented the interest of the Class.

3. The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object to the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

4. The Settlement Agreement is in all respects as fair, reasonable, and adequate pursuant to the factors set forth in Fed. R. Civ. P. 23(e)(2).

5. The Settlement Agreement is also fair, reasonable, and adequate pursuant to the factors set forth by the Third Circuit Court of Appeals in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), each of which supports this conclusion.

6. The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

7. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions.

8. Pursuant to Fed. R. Civ. P. 23, as well as the terms of the Settlement Agreement, the Court hereby awards Class Counsel for the Settlement Class Attorneys' Fees and Expenses in the amount of $149,000.00. The award of attorneys' fees and costs to Class Counsel shall be paid separate and apart from the Settlement Fund.

9. The Court finds the award of fees and costs are reasonable as (a) Class Counsel achieved a favorable result for the Class; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendant's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and has approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request, Class Counsel filed and posted their petition in time for Settlement Class Members to make a meaningful decision on whether to object to the Class Counsel's fee request.

10. The Court further approves the individual settlement for the Plaintiff in the amount of $1,000.00 and an Incentive Award in the amount of $5,000.00 to Class Representative Plaintiff, payable pursuant to the terms of the Settlement Agreement.

11. Upon entry of this Final Approval Order, Plaintiff and all members of the Class who did not validly and timely submit Requests for Exclusion shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

12. Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement.

13. The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding on, and shall have res judicata and preclusive effect in all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

14. The Releases, which are set forth in Section 17 of the Settlement Agreement, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is

defined in the Settlement Agreement) from all Released Claims (as that term is defined in the Settlement Agreement).

15. The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who validly and timely submitted a Request for Exclusion from the Settlement.

16. The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

17. The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

18. Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

19. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be: (a) offered by any person or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party; (b) offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party; or (c) offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

20. This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. In the event that the Effective Date (as defined in the Settlement Agreement ¶ 2.15) does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection

herewith shall be null and void. In the event that the Effective Date does not occur, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

22. For the reasons stated herein, the Parties' joint motion for Final Approval of the Class Action Settlement Agreement, *see* ECF No. 96, as well as the Parties' joint motion for Final Approval of Attorneys' Fees, Costs, and Incentive Award, *see* ECF Nos. 93, are **GRANTED.**

23. This Action, including all individual claims and class claims presented herein, is hereby **DISMISSED WITH PREJUDICE** without fees or costs to any party except as otherwise provided herein.

24. This case shall be marked **CLOSED.**

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge